**Robert T. WEAVER, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 20563.**

United States Court of Appeals,
Eighth Circuit.

Feb. 2, 1971.

Robert T. Weaver, pro se.

Daniel Bartlett, Jr., U. S. Atty., and James M. Gordon, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before VAN OOSTERHOUT, GIBSON and LAY, Circuit Judges.

PER CURIAM.

The petitioner, Robert T. Weaver, seeks relief in this § 2255 proceeding from a 15-year sentence imposed on a plea of guilty to robbing a federally insured savings and loan association in Evansville, Indiana, in violation of 18 U.S.C. § 2113(a). Weaver contends his plea of guilty under a Rule 20 proceeding in the Eastern District of Missouri in 1955 was involuntary because he was promised that any sentence in this proceeding would run concurrent to a previous bank robbery sentence of 22½ years he had received from Judge Moore (now deceased) in another case filed against him in the Eastern District of Missouri. He also complains that Judge Hulen (now deceased) who sentenced him in the Rule 20 proceeding, failed to comply with Rule 11, Fed.R.Crim.P. in accepting the plea. Further contention is made that the Rule 20 proceeding is void for want of jurisdiction as petitioner was not arrested in the Eastern District of Missouri but had previously been arrested in the District of Indiana and taken to the Eastern District of Missouri for purpose of trial on the other bank robbery charge pending in that District.

■ A plenary evidentiary hearing was held by Judge Regan at which the petitioner and his former employed attorney testified. Judge Regan found that neither Judge Hulen nor any one from the Government made any promises concerning the sentence given in the Rule 20 proceeding. Petitioner and his counsel had been hoping for a concurrent sentence but no assurances of any kind were given that such a sentence would be forthcoming. Judge Regan's resolution of this factual question is fully supported by the record.

These events occurred some 15 years ago and the official records had been destroyed pursuant to the Court Reporter Act. The reconstituted record as given by the petitioner and his former employed attorney is not too satisfactory but it is sufficient to warrant a finding that petitioner's claims are without merit. The petitioner was represented by an experienced and able attorney. Petitioner had previously been convicted in a jury trial for bank robbery in the Eastern District of Missouri before requesting that the other bank robbery charge in the District of Indiana be transferred to the Eastern District of Missouri so that he could enter a plea of guilty and thus dispose of that pending charge. Petitioner counseled with his employed attorney before entering his plea in the Rule 20 proceeding and was well aware of the nature and consequences of his guilty plea.

■ The petitioner's contention that the Eastern District of Missouri had no jurisdiction over the Rule 20 proceeding is not well taken. It is true that Rule 20 as originally cast and as it existed in 1955 stated, "A defendant *arrested* in a district other than that in which the indictment or information was pending * * * *" (emphasis supplied); it was later amended in 1966 to insert after the word arrested "or held." The 1966 amendment was a clarifying one and only set forth the existing practice of allowing federal or state prisoners held in one jurisdiction to plead guilty to charges in other federal jurisdictions. The Rule 20 was utilized where they were either arrested, or being held for trial, or incarcerated on some other charge in the district in which the Rule 20 proceeding was requested. The Advisory Committee Note to the amendment states that the words "or held" were "added to make it clear that a person already in state or federal custody within a district may request a transfer of federal charges pending against him in another district." *See* Clark v. United States, 367 F.2d 378 (5th Cir. 1966).

Petitioner's contention that a Rule 20 proceeding is not applicable to a multiple indictment or charge is likewise without merit. The district court case relied on by him, United States v. Bishop, 76 F.Supp. 866 (D.C.Ore.1948), is not well reasoned and has not been followed in any circuit. Yeloushan v. United States, 339 F.2d 533 (5th Cir. 1964) holds Rule 20 applicable to multiple defendant cases. This ruling is sound as Rule 20 was enacted for the benefit of the accused allowing him to dispose of charges pending in another district and there is certainly no constitutional requirement that all of the defendants charged in a crime be tried in the same district.

The judgment of the district court is affirmed.