Lloyd McCOMY, Appellant,

v.

UNITED STATES of America, Appellee.

No. 74–1946.

United States Court of Appeals, Eighth Circuit.

Submitted March 12, 1975.

Decided April 7, 1975.

Jack J. Cavanaugh, St. Louis, Mo., for appellant.

Richard Coughlin, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before GIBSON, Chief Judge, CLARK, Associate Justice, Retired,* and LAY, Circuit Judge.

PER CURIAM.

The defendant Lloyd McComy entered a guilty plea to three counts of a twenty-three count indictment charging him with fraud in violation of 18 U.S.C. § 1343. He was sentenced to a total prison term of seven years to be followed by a five-year probation term and a fine of $3,000.00. He filed a § 2255 motion contending that his plea of guilty was not voluntary. The district court denied relief and he has appealed. We affirm.

The thrust of petitioner's argument, as we understand it and we are not sure we do, is that his plea is not voluntary since the bargain (i. e., the dismissal of the other twenty counts along with the promise of the three-year sentence) was not fully spread upon the record with the trial judge. The argument couched in these terms was not raised in the district court since the only alleged misrepresentation before the trial judge was as to the length of the sentence.

The government contends that Rule 11, Fed.R.Crim.P., was fully complied with by the district court. The record shows the district court (a) questioned the defendant concerning his understanding of his rights, (b) advised him of the consequences of his plea, (c) asked if the defendant had been induced to enter his plea by any threats or promises, and (d) established a factual basis for the plea. The defendant urges, however, that in addition to soliciting the above information, the court must also ascertain whether a plea bargain has been made, and if so, its terms.[1]

We find no deficiency in the record in this regard. The record shows the district court was fully aware that the government intended to ask leave to dismiss twenty counts of the indictment at the time of the defendant's sentence.[2] In addition, the trial judge asked what was to be done with two co-defendants and the United States Attorney replied that the government intended to dismiss the charges against them.

The court specifically asked the appellant whether any other promises or inducements, particularly with regard to sentencing, had been made to him and he responded with equally concise and specific negative answers.[3] At the evi-

---

* Associate Justice Tom C. Clark, United States Supreme Court, Retired, sitting by designation.

1. In United States v. Gallington, 488 F.2d 637 (8th Cir. 1973), cert. denied, 416 U.S. 907, 94 S.Ct. 1613, 40 L.Ed.2d 112 (1974), this court observed:

    Plea bargaining is susceptible to abuse. Its proper use, however, has been tacitly approved by the Supreme Court, this Court and many study commissions that have reviewed the problem. While a recent report has recommended that plea bargaining be abolished by 1978, we are not prepared to adopt that recommendation.

    We caution, however, that if plea bargaining is to be practiced, the requirements of Rule 11, as explicated by the Supreme Court in McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), must be followed. Furthermore, the following safeguards must also be implemented:

    \* \* \* \* \* \*

    (2) Judges are to require the agreement to be disclosed in open court at the time the plea is offered and require that the reasons for reaching the agreement be set forth in detail. 488 F.2d at 640 (footnotes omitted).

2. Whenever the United States "bargains" to dismiss other counts of the indictment in exchange for a plea of guilty to one or more counts, this of course should be spread on the record at the time of the guilty plea. When this appears, it is essential that the trial judge determine that the guilty plea independently rests on a factual basis and is not simply induced by the government's promise to dismiss other counts.

3. The following colloquy took place between the court and the defendant:

    THE COURT: And you understand, do you, the charges to which you have pleaded "Guilty" and which I have gone over in detail here?

    MR. McCOMY: Yes, sir.

    THE COURT: The range of penalties for these offenses could be a fine of $1,000.00 or five years' imprisonment on Count I; a fine of $1,000.00 and imprisonment of five years on Count II; a fine of $1,000.00 and imprisonment for five years on Count III; or a total of $3,000.00 and fifteen years, or some combination of it. That's the maximum. Do you understand that?

    MR. McCOMY: Yes, Your Honor.

dentiary hearing on this motion, the court listened to the testimony of the defendant, the defendant's wife, his attorney at the time the plea was entered and his attorney's associate.. On the basis of their testimony, the court concluded that no promise as to the length of sentence was ever made. We are bound by this finding unless we can say that it was clearly erroneous and the record does not support this. Therefore, we find to the extent that any "plea bargain" had been made, its terms including the dismissal of the remaining twenty counts of the indictment and the dismissal of charges against the two co-defendants, were fully disclosed in open court.

Judgment affirmed.

THE COURT: Have any threats or promises been made to induce you to plead "Guilty"?

MR. McCOMY: No, sir.

THE COURT: You understand, do you, that I have the sole responsibility for imposing sentence in the event a sentence is imposed, and I have not promised Mr. Daly or Mr. Adelman or anybody else, and particularly you, anything in regard to this case?

MR. McCOMY: I understand, Your Honor.

THE COURT: I do not know what sentence you will receive until such time as a pre-sentence report is given to me.

Do you think there is any understanding, or have any predictions been made to you concerning—either by Mr. Daly or by anybody else either representing themselves to be from the Government or being from the Government, as to the sentence you will receive?

MR. McCOMY: No, sir.