**George Frank LINDNER,
Petitioner-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 38129.**

Missouri Court of Appeals,
St. Louis District,
Division One.

May 17, 1977.

Carr L. Woods, Asst. Public Defender, Bowling Green, for plaintiff-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, Jess Mueller, Pros. Atty., Troy, for defendant-respondent.

DOWD, Judge.

Appellant George Lindner appeals from the denial, without evidentiary hearing, of his Rule 27.26 motion to vacate sentences imposed upon guilty pleas to 3 counts of robbery in the first degree. Appellant's Rule 27.26 motion asserted three grounds for postconviction relief: (1) three charges of armed robbery were brought against appellant when only one armed robbery occurred; (2) appellant was "led to believe he was to receive a twelve year sentence on a plea of guilty under the terms of Plea Negotiation"; and (3) appellant had no attorney until preliminary hearing. On appeal, appellant contends he was entitled to an evidentiary hearing upon his motion be-

cause his motion raised issues of fact requiring hearing and because the trial court failed to make findings of fact and conclusions of law on all issues raised by his motion.[1]

We do not reach the issue whether appellant was entitled to an evidentiary hearing upon the grounds asserted in his Rule 27.26 motion because the trial court did not make specific findings of fact and conclusions of law on each of the allegations raised by the motion as required by Rule 27.26(i). The trial court's summary order denying appellant an evidentiary hearing and postconviction relief stated "the Court finds that the record of the transcript of proceedings on guilty pleas is determinative of all the issues raised by Petitioner's Motion and that the Petitioner therefore is not entitled to an Evidentiary Hearing."

Specific findings of fact and conclusions of law on each issue presented are required and will not be supplied by implication from the trial court's ruling. A mere recital that the record shows movant is entitled to no relief is not sufficient. *Harris v. State*, 547 S.W.2d 519, 521[3] (Mo.App. 1977).

The judgment of the trial court is reversed and the cause remanded with directions to make specific findings of fact and conclusions of law in compliance with Rule 27.26(i).

CLEMENS, P. J., and SMITH, J., concur.

---

1. We note initially that appellant filed a brief prepared by "inmate counselor" in addition to the brief filed by his appointed attorney. The pro se brief contained 18 Points Relied On. The state filed a motion to strike the pro se brief alleging: (1) the jurisdictional statement did not comply with Rule 84.04(b); (2) the Statement of Facts did not comply with Rule 84.04(c); the Points Relied On did not comply with Rule 84.04(d); and the Argument portion of the brief did not comply with Rule 84.04(e). The court granted the state's motion to strike the pro se brief. This opinion, therefore, considers only the brief filed by appointed counsel.