George Frank LINDNER,
Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 39675.

Missouri Court of Appeals,
St. Louis District,
Division One.

June 13, 1978.

Motion for Rehearing and/or Transfer
Denied Sept. 15, 1978.

Carr L. Woods, Asst. Public Defender, Bowling Green, for movant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, Jess L. Mueller, Pros. Atty., Troy, for respondent.

PER CURIAM.

The primary issue on this Rule 27.26 appeal is whether movant George Lindner (hereafter defendant) was entitled to an evidentiary hearing. The secondary issue is whether the trial court, having preliminarily ordered an evidentiary hearing, could thereafter change its order and deny the motion without an evidentiary hearing. The primary issue is substantive and the secondary issue is procedural.

We conclude that since defendant, as a matter of law, was not entitled to an evidentiary hearing the denial of his motion was proper, despite the preliminary order granting an evidentiary hearing.

The case is now before us on defendant's second appeal. Defendant filed his Rule 27.26 motion after having pled guilty to a three-count robbery charge and being sentenced to three consecutive ten-year terms of imprisonment. Division I of the 11th Judicial Circuit ordered an evidentiary hearing on the motion. Defendant then moved for a change of judge and the case was assigned to Division II. When it came on for hearing the court reconsidered the matter of whether defendant was entitled to an evidentiary hearing and concluded the guilty plea record refuted the contentions of defendant's motion and denied it. The court did not make findings of fact and conclusions of law and defendant appealed.[1] We did not then reach the issue of defendant's right to an evidentiary hearing because the trial court had not made findings of fact and conclusions of law; we remanded the case with directions to do so. The trial court complied and then denied defendant's motion. Defendant has again appealed.

■ Defendant contends the original order by Division I granting him an evidentiary hearing was improperly denied by Division II in ruling on his motion without an evidentiary hearing. Defendant's right to an evidentiary hearing depended on whether his Rule 27.26 motion alleged facts which entitled him to relief; if it did not, no evidentiary hearing was required.[2]

■ We hold that if on the record defendant was not entitled by law to an evidentiary hearing, he had no right to the order of Division I granting one. The procedural order of Division I granting a hearing must yield to the substantive order of Division II if that division correctly denied defendant's motion.

■ We pass to the merits of the trial court's denial of defendant's motion. If its allegations are refuted by the guilty-plea record defendant is not entitled to an evidentiary hearing. *Smith v. State*, 513 S.W.2d 407[1] (Mo.banc 1974).

■ By defendant's Point Relied On he now contends the trial court erroneously denied an evidentiary hearing "to determine whether movant was induced to plead guilty by promises and whether he received ineffective assistance of counsel."

By his motion defendant first alleged that before he pled guilty he was led to believe he would receive one 12-year sentence; this, because the prosecuting attorney and his own counsel so agreed in open court.

Defendant was sworn before the court accepted his guilty plea, with opposing counsel present. Fifteen pages of the guilty-plea transcript show defendant answered some three-score of the court's questions, meticulously probing the defendant's intelligent and voluntary waiver of a jury trial and the consequences of pleading guilty. Defendant's contention he was led to believe he would receive only one 12-year sentence instead of the three consecutive 10-year sentences imposed is squarely refuted by the record. Reviewing that record the court found as facts, as we do, that before pleading guilty the defendant understood: the court alone would determine his punishment; the court was not obligated to follow the state's recommendation or that of his attorney; in view of the number of the charges against him and his prior record, if he pled guilty the court might well sentence him to three terms of life imprisonment and the court could make them run consecutively; the court might well not accept the state's recommendation and could give him the maximum punishment; that after defendant was advised he might receive the maximum sentence, he was given an opportunity to withdraw his pleas of guilty but expressed a desire not to do so;

---

1. *Lindner v. State*, 552 S.W.2d 70 (Mo.App. 1977).

2. See numerous cases annotated in Note 341 of Rule 27.26, VAMR.

defendant was not promised anything by way of leniency of sentence to get him to enter his pleas of guilty; defendant admitted committing each of the three crimes with which he was charged. After all interrogation, defendant announced it was still his desire to enter a plea of guilty to each of the three counts. We accept the trial court's conclusion that "As a matter of law such record affirmatively and conclusively shows that defendant was not misled."

Defendant's second Point Relied On contends he was entitled to an evidentiary hearing to determine "whether he received ineffective assistance of counsel." Defendant's motion does not challenge the effectiveness of counsel nor does his brief go beyond the above conclusionary quotation. Nothing is preserved for review and we find no error in the trial court's denial of defendant's motion without an evidentiary hearing.

Judgment affirmed.

All judges concur.