**Marlon Anthony HOOKER, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. KCD29400.**

Missouri Court of Appeals, Kansas City District.

July 31, 1978.

Louis Wagner, Kansas City, for movant-appellant.

John D. Ashcroft, Atty. Gen., Gregory W. Schroeder, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

DIXON, Judge.

Movant appeals a denial after evidentiary hearing of a Rule 27.26 motion. Movant, a juvenile at the time of the offense, was certified by the Juvenile Court to the Circuit Court for trial as an adult and was convicted of the crime of rape. Movant raises three issues: first, that this court is required to make independent findings of fact and conclusions of law on the issues raised by his motion; second, that the law student who represented the movant in the Juvenile Court certification hearing was not properly certified under Rule 13; and, third, that no evidence was presented to the Juvenile Court showing the guilt of the defendant with respect to the underlying charge.

■ The first claim of error is contrary to the specific direction of Rule 27.26(j) which limits review to "a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous." *Dove v. State*, 553 S.W.2d 554 (Mo.App.1977).

■ With respect to the second and third points, the movant did not file a motion in the Circuit Court requesting dismissal of the information or remand to the Juvenile Court so that any objection to the Juvenile Court proceeding has been waived. *Jefferson v. State*, 442 S.W.2d 6 (Mo.1969); *State v. LePage*, 536 S.W.2d 834 (Mo.App.1976).

■ Since the second and third points raise questions which are colorably of constitutional magnitude and since they are without merit, a brief statement will be made with respect to the record concerning each of the second and third points. The record conclusively demonstrates that the senior law student representing the defendant was certified under Rule 13 and properly supervised by a licensed attorney present in the courtroom.

Movant is correct in asserting that the Juvenile Court did not hear evidence concerning his guilt of the underlying offense, but proof of guilt of the underlying offense is not a prerequisite to juvenile court action under § 211.071 RSMo 1969; and the record conclusively demonstrates that the trial court's findings under § 211.071 are in accordance with the requirements of *State ex rel. T. J. H. v. Bills*, 504 S.W.2d 76 (Mo. banc 1974). Movant's citation of cases relating to proof under § 211.171 RSMo 1969, providing for the hearing procedure within the juvenile court are inapposite.

The judgment of the trial court denying movant's Rule 27.26 motion was based upon findings of fact not clearly erroneous, and no error of law appears. An extended opinion would have no precedential value. Rule 84.16. Affirmed.

All concur.