**Johnnie STERLING, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 29993.**

Missouri Court of Appeals,
Western District.

Feb. 26, 1979.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
April 3, 1979.

Robert N. Adams, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Jefferson City, for respondent.

Before HIGGINS, Special Judge, Presiding, PRITCHARD, J., WELBORN, Special Judge.

PER CURIAM:

Appeal from denial of relief, without a hearing, in proceeding under Rule 27.26.

In June, 1974, Johnnie Sterling was charged by a three-count indictment in the Jackson County Circuit Court with rape, robbery in the first degree and assault with intent to do great bodily harm with malice aforethought. Upon jury-waived trial, the state elected to proceed on the assault charge. The defendant was found guilty of that offense and he was sentenced to 30 years' imprisonment. The judgment was affirmed on appeal. *State v. Sterling*, 536 S.W.2d 843 (Mo.App.1976).

On November 14, 1977, Sterling filed a pro se motion under Rule 27.26 to set aside the judgment. The respondent has fairly summarized the grounds of the motion as follow:

" * * * In his motion, the appellant raised * * * four grounds for relief. Under ground (a) he argued that he had received ineffective assistance of counsel.

In support of that allegation, the appellant alleged that he had been 'pressured and tricked' by his attorney into waiving his right to a trial by jury. He also alleged that his attorney made no objections 'during the important course of the trial' and that he 'failed to preserve for review favorable court errors or even raise any plain court errors pursuant to Rules 27.04 and 27.20 V.A.M.R.'

"Under ground (b) the appellant alleged that he suffered a 'Violation of Rights' and was 'Denied Due Process of the Law of the U.S. Constitution.' In support of this allegation, the appellant alleged that he was placed in double jeopardy when the State charged him with three offenses under three separate counts 'when really only one conviction could have been had.'

"The appellant's ground (c) read in its entirety: '(510.030 L.1943 p. 353 8115, 1951) "GRANTING OF NEW TRIAL".' Under this ground, the appellant cited cases dealing with the suppression of favorable evidence, but did not allege or suggest what evidence, if any, the State had suppressed.

"Finally, under ground (d) the appellant attacked the constitutionality of '[§§] 159.-180 [559.180] and 156.150 [556.150](1) and (2).' As 'facts' supporting this allegation, the appellant referred the trial court to the pro se briefs filed with this Court on direct appeal."

On November 23, 1977, the motion was denied without a hearing. The trial court made extensive findings and conclusions, relying to a large extent upon the statements of the appellant, made under oath at the trial, in support of his request for waiver of jury trial.

On this appeal, a brief has been filed by counsel appointed for the purpose by the trial court. Appellant has also filed a pro se brief.

The brief of appellant's appointed counsel is limited to the inadequate assistance of counsel issue. However, it in no manner addresses the question of error on the part of the trial court in its findings and conclusions. The brief sets forth some well-established general principles and then simply reiterates the matters enumerated in the motion as evidencing inadequate assistance in this case. Such procedure in nowise demonstrates where the trial court erred and can afford no basis for relief in this court.

Appellant's pro se brief is wholly lacking in compliance with Rule 84.04. It purports to attack the constitutionality of Sections 559.180 and 556.150, RSMo 1969, but offers neither authority nor argument which would support that result. He asserts that the indictment against him was "faulted" because it contained three separate offenses on which only one conviction could be had. The joinder of offenses was authorized under Rule 24.04. The ultimate answer to the complaint, however, is that appellant was in fact convicted of only one offense.

Appellant has filed a supplemental brief, prepared with the assistance of an inmate denominated "Law Clerk" for appellant. The gravamen of the complaint of that document is the alleged failure on the part of the trial court to make findings of fact and conclusions of law on the issues purported to have been raised by the 27.26 motion. The supplemental brief ignores the record showing that the trial court did make findings of fact and conclusions of law on the issues before it. This is not a case in which the court merely stated that the files and records conclusively show that the appellant is entitled to no relief and cases such as *Gerberding v. State*, 433 S.W.2d 820, 824[5] (Mo.1968), and *Keith v. State*, 511 S.W.2d 896 (Mo.App.1974), cited by appellant, are not here in point. As is the case with the brief filed by appointed counsel, no issue is taken with the findings made and no basis for finding of error on the part of the trial court has been shown.

No reason having been demonstrated for finding the action of the trial court erroneous and the nonretroactive rule of *Fields v. State*, 572 S.W.2d 477 (Mo. banc 1978), being inapplicable to this case, the judgment must be affirmed.

Judgment affirmed.

All concur.