Gerry E. POUNCIL, Appellant,

v.

STATE of Missouri, Respondent.

No. 29343.

Missouri Court of Appeals,
Western District.

April 2, 1979.

Jeffery L. Alena, Gepford & Sears, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before HIGGINS, Special Judge, Presiding, and SWOFFORD, C. J., and WELBORN, Special Judge.

ANDREW JACKSON HIGGINS, Special Judge.

Appeal from denial, without evidentiary hearing, of second motion under Rule 27.26 to vacate and set aside judgment and sentence to concurrent 10-year terms of imprisonment entered upon plea of guilty to two counts of robbery, first degree. Denial of relief was predicated on the files and records of the case, principally movant's failure to establish why grounds for relief asserted in his second motion could not have been raised in his prior motion. Appellant questions the denial of the second motion without hearing, and the companion failure to appoint counsel on said motion. Affirmed.

On February 13, 1974, Gerry E. Pouncil, assisted by his lawyer, Assistant Public Defender Gary Haggerty, pleaded guilty to two counts of robbery, first degree. On March 11, 1974, after presentence investigation and while present with Assistant Public Defender James W. Fletcher, he was accorded allocution and sentenced to subject imprisonment. A motion under Rule 27.26, which alleged as grounds for relief "insufficient counselling" and "under the influence of drugs during sentencing," was overruled November 3, 1975. Subject motion, filed June 18, 1976, alleged, inter alia, ineffective assistance of counsel in advising him not to say anything about a plea bargain, failure to interview defendant, failure

to investigate his defense, failure to investigate State's witnesses, and failure to secure benefits of a plea bargain. To excuse his failure to raise such new grounds in his prior motion, movant asserted: "The Movant had a jailhouse lawyer prepare and file the prior 27.26 motion and Movant was not aware of these grounds at that time until he had conversed with a more qualified person."

The court found generally that movant's allegations were "refuted by facts elicited at the guilty plea hearing," and found specifically:

"Movant understood that the court need not accept the plea of guilty, unless the court is satisfied of movant's guilt and satisfied that movant understood all of his rights. * * * that the range of punishment for the charge of Robbery in the First Degree was five years in the penitentiary to life in the penitentiary. * * * that he waived any claim that the court did not treat him fairly when he pled [sic] guilty. * * * Movant knowingly and voluntarily admitted the facts of the robbery. * * * Movant acknowledged there was not any promise or any threat made to cause him to plead guilty [and] that he had no belief as to what sentence he would receive.

"Movant fully discussed his plea of guilty with his attorney, had no complaints about his attorney, and was satisfied with the services of his attorney. Movant acknowledged that he was pleading guilty because he was, in fact, guilty. Movant understood that the court need not accept any recommendation of the State, or the defendant, or defendant's attorney, or anyone else. * * * that upon acceptance of the plea of guilty the court could assess a penalty of from five years to life in the penitentiary on each of two counts [and] that the court would order a Pre-Sentence Investigation, but * * * that regardless of what was in the Pre-Sentence Investigation the court need not follow the recommendation of anyone as to what penalty movant would receive.

"Other than to tell movant to tell the truth, no one told him to answer questions in any certain way at the time of the guilty plea. Movant acknowledged that all of the answers at the guilty plea were true and correct. Movant declared freely and voluntarily that he wanted to withdraw his plea of not guilty and enter a plea of guilty to the two charges of Robbery in the First Degree. * * * The court further found at the time of the guilty plea that defendant was ably represented by counsel of record."

The foregoing findings are not questioned and they are supported by the transcript of proceedings on defendant's guilty plea, principally defendant's sworn testimony. Such transcript shows, in addition, the following:

"Q. Do you have any belief as to what your sentence will be? A. No. Q. Now, have you fully discussed your plea of guilty with your attorney, Mr. Haggerty? A. Yes. Q. Have you have any problems in talking with Mr. Haggerty, either his understanding you, or your understanding him? A. No. Q. Do you have any complaints about what Mr. Haggerty has done, or what he has not done, on your behalf? A. No. Q. Are you satisfied with the services of your attorney, Mr. Haggerty? A. Yes. Q. Are you pleading guilty because you are, in fact, guilty? A. Yes.

"Q. Do you understand that the Court need not accept any recommendation of the State, or you, or your attorney, or anyone else, on this matter? A. Yes. Q. You understand that upon acceptance of your plea of guilty the Court could assess a penalty of from five years to life, on each of these two counts, is that true? A. Yes. Q. And you understand that the State is going to suggest that the Court order a pre-sentence investigation? * * * I am going to order a pre-sentence investigation; but, I want you to tell me if you understand that regardless of what's in that pre-sentence investigation the Court need not follow the recommendation of anyone, as to what penalty you receive. Do you understand that? A. Yes. Q. Now, other than to tell you to tell the truth, has anyone told you to answer

questions in any certain way, today? A. No."

The court concluded that the transcript and file showed movant entitled to no relief and that he had failed to establish that his grounds for relief could not have been raised in his prior motion.

Appellant contends the court erred (I) in denying his motion without a hearing "insofar as appellant's allegations were not conclusively resolved by the files and records of the case"; and (II) in failing to appoint counsel before overruling said motion "as appellant's motion presents questions of law and issues of fact which necessitate the assistance of counsel."

Rule 27.26(d) provides:

"The sentencing court shall not entertain a second or successive motion for relief * * * where the ground presented in the subsequent application was raised and determined adversely * * on the prior application or where the ground presented is new but could have been raised in the prior motion * * *. The burden shall be on the prisoner to establish that any new ground raised in a second motion could not have been raised by him in the prior motion."

■ Movant's excuse for failure to raise his present grounds for relief in his prior motion amounts to no more than an allegation of lack of legal knowledge. Such allegation does not authorize a finding that movant could not have raised the new grounds in his prior motion. *Jones v. State*, 521 S.W.2d 504, 506 (Mo.App.1975); *Grant v. State*, 486 S.W.2d 641, 643 (Mo.1972).

■ Where a hearing on defendant's plea of guilty controverts grounds raised in his motion under Rule 27.26, an evidentiary hearing on such grounds is not required. *State v. Clay*, 520 S.W.2d 172, 175 (Mo.App. 1975). The court was not obliged to accord movant a hearing on his assertion that Mr. Haggerty "told the movant that he had talked to the prosecuting attorney and to the trial court judge prior to the guilty plea and both of them agreed to a plea bargain * * * [to] receive probation," and that Mr. Haggerty "told the Movant not to say anything about the plea bargaining when asked by the trial court judge" because the unquestioned findings of the trial court and the transcript of proceedings of movant's plea of guilty demonstrate their contradiction. See *Mainord v. State*, 541 S.W.2d 779 (Mo.App.1976), and note its distinction of *Burgin v. State*, 522 S.W.2d 159 (Mo.App. 1975).

■ This motion came under the rule that when a second postconviction motion, in conjunction with other portions of the files and records of the case, discloses that the motion should not be entertained because of noncompliance with Rule 27.26(d), there is no need for the court to appoint counsel on the second motion. *Jones v. State*, supra; *Duisen v. State*, 504 S.W.2d 3 (Mo.1974). *Fields v. State*, 572 S.W.2d 477 (Mo. banc 1978), which required appointment of counsel to aid in redrafting or amendment of a motion filed by an indigent under Rule 27.26, does not aid this movant because it does not apply retroactively to this case. *Fields v. State*, supra, 572 S.W.2d l.c. 483[4]; *Westmoreland v. State*, Mo.App. E.D. 39338, 39664, 12/5/78; *Sterling v. State*, 579 S.W.2d 712 (Mo.App.1979).

Judgment affirmed.

All concur.