Keith BROWN, Movant-Appellant,

v.

The STATE of Missouri, Respondent.

No. KCD 29864.

Missouri Court of Appeals,
Western District.

April 2, 1979.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 1, 1979.

Application to Transfer Denied
June 19, 1979.

Gerald Kiser, Liberty, for movant-appellant.

Paul R. Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., SWOFFORD, C. J. and WASSERSTROM, J.

PER CURIAM:

Movant Keith Brown appeals denial, after evidentiary hearing, of his Rule 27.26 motion to set aside a judgment and sentence for robbery imposed June 28, 1972 after a plea of guilty. Affirmed.

Brown filed an earlier Rule 27.26 motion May 2, 1973 alleging that the sentence imposed was in excess of the term agreed as a consequence of a plea bargain and relied on by him in pleading guilty. The trial court, on the basis of the record, denied the motion without an evidentiary hearing. The judgment was affirmed on appeal. *Brown v. State*, 526 S.W.2d 55 (Mo.App.1975).[1]

The second Rule 27.26 motion, the subject of this appeal, was filed May 5, 1977. Counsel was appointed for movant and an evidentiary hearing was held. Grounds alleged in the second motion charged defi-

---

1. The recent case of *Fields v. State*, 572 S.W.2d 477 (Mo.banc 1978) announces a change in Rule 27.26 proceedings and requires appointment of counsel in all cases where the motion is filed pro se by an indigent prisoner. The decision is, however, by the express language of the opinion, prospective only. Subsequent decisions have confirmed that *Fields* is applicable only to those cases on motion under Rule 27.26 pending before the trial court from and after the date of rendition of the *Fields* opinion by the Supreme Court. *Johnson v. State*, 579 S.W.2d 132 (Mo.App.E.Dist. 1979); *Hooper v. State*, 579 S.W.2d 647 (Mo.App.E.Dist. 1979); *Sterling v. State*, 579 S.W.2d 712 (Mo.App.W. Dist. 1979); *Johnson v. State*, 574 S.W.2d 957 (Mo.App.E.Dist. 1978); *Westmoreland v. State*, No. 39338 and 39664 (Mo.App.E.Dist. Dec. 5, 1978).

ciencies in processing the guilty plea and were (a) improper use of admissions made by Brown during custodial interrogation, (b) failure of the juvenile court to conform to procedural requirements in ordering relinquishment of jurisdiction, and (c) ineffective assistance of counsel at the guilty plea hearing.

Although the trial court considered Brown's claims of error in the acceptance of his guilty plea and the imposition of sentence and found the claims either to be without merit or not supported by the evidence, respondent contends that the motion should not have been heard on the merits but should have been denied on procedural grounds. In support of this argument, respondent relies on application of Rule 27.-26(d), an alternative not ruled in the trial court's order.

■ Rule 27.26(d) provides: "The sentencing court shall not entertain a second or successive motion for relief on behalf of the prisoner where the ground presented in the subsequent application * * * is new but could have been raised in the prior motion pursuant to the provisions of subsection (c) of this Rule." Rule 27.26(c) requires that the original motion shall include every ground known to the prisoner. Where the facts demonstrate that additional grounds offered as "new" in a successive motion could and should have been presented in the original motion, the trial court is prohibited by the rule from entertaining the subsequent motion. *Wilwording v. State,* 487 S.W.2d 578 (Mo.1972).

■ Beyond question, the present allegations of error in the guilty plea proceeding were based on facts of which Brown, an active participant in the events, was fully aware at the time he prepared and filed his first motion. Any contention that movant lacked legal knowledge enabling him to appreciate the significance of potential error has consistently been held insufficient to overcome the requirements of the rule limiting successive motions. *Jones v. State,* 521 S.W.2d 504 (Mo.App.1975). The result of the adjudication on Brown's first post conviction proceeding was to foreclose

equally as though actually raised both those grounds which were alleged and those, such as the present claims, which could have been alleged but were not. *Babcock v. State,* 521 S.W.2d 191 (Mo.App.1975).

■ Brown further claims, however, that if any adjudicatory effect be given to disposition of the earlier Rule 27.26 motion, he is entitled to avoid that consequence on the ground that having been under the then statutory age of majority, he was entitled to appointment of a next friend under Rule 52.02(a) and failure to comply with that requirement rendered the judgment voidable.

Rule 27.26(a) provides that motions filed under the rule shall be considered as independent civil actions and, "[t]he procedure before the trial court and on appeal is governed by the Rules of Civil Procedure *insofar as applicable."* (Emphasis supplied.) Brown was initially afforded the protection of Section 211.031, RSMo and the succeeding sections of the Juvenile Court Act following his arrest. His first Rule 27.26 motion was, of necessity, filed after his conviction and sentence under procedures applicable to adult offenders. That prosecution occurred only upon relinquishment of juvenile jurisdiction, a proceeding which had first examined and had found inappropriate the statutory safeguards provided for minors. While Rule 52.02(a) does provide that a minor's interest in a civil action shall be represented by a guardian or next friend, such is inapplicable to movant by reason of the prior relinquishment of juvenile jurisdiction. Brown's contention that failure to appoint a next friend relieves him of the consequences of the prior judgment on his claim for relief is without merit and is denied.

Disposition of Brown's Rule 27.26 motion as presented in 1973 effectively foreclosed consideration of the grounds advanced in the current successive motion and the trial court was entitled to deny movant relief on that basis.

■ Although Brown's successive motion was, as above determined, not cognizable by

reason of Rule 27.26(d), the trial court considered the motion on the merits and as a matter of grace it will be similarly reviewed here. In this review the appellate court is limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. *Noble v. State,* 552 S.W.2d 267 (Mo.App.1977).

Brown first complains of error in the guilty plea hearing when the prosecuting attorney, in response to a question from the bench, described the state's evidence. Included in that recitation was reference to the contents of a statement obtained from Brown while in police custody but before a juvenile officer arrived. Such statement, it is claimed, was inadmissible because Brown had not been delivered to juvenile authorities as required by Section 211.061 RSMo.

Movant's assignment of error with respect to the inculpatory statement is far from clear. No attempt was made to place the statement before the court as evidence in support of the charge and no claim is made by movant that his admissions under interrogation were employed to induce the plea of guilty. Movant merely makes the assertion that use of the information derived from the statement must have resulted in some prejudice.

■ If it be the claim here that without use of Brown's oral confession, the state's evidence would have been insufficient to support the charge, and that the plea of guilty is thereby rendered suspect, a motion under Rule 27.26 is not a proper vehicle to consider the issue. *State v. Benison,* 415 S.W.2d 773 (Mo.1967); *Jackson v. State,* 512 S.W.2d 249 (Mo.App.1974). If the effect of use of the statement be contended to have been an enhancement of punishment which thereby rendered the plea of guilty to have been no longer voluntary, such a claim is no more than sheer speculation.

■ Brown was asked after the recitation of the details of the crime by the prosecutor if the facts were correctly stated and Brown confirmed that they were. Prior to acceptance of his plea, Brown was informed as to the range of potential sen-

tence and he indicated his understanding of the court's latitude. The actual sentence of fifteen years imposed was in the lower range of the possible penalty of five years to life. The record supports the conclusion that use of Brown's oral statements during custodial interrogation did not enhance the sentence imposed and that no prejudice to movant is shown.

■ Brown next contends that jurisdiction of his case was not acquired because the order of the juvenile court relinquishing jurisdiction did not contain an adequate statement of reasons for the decision. Although examination of the transcript of the hearing before the juvenile court does reveal findings by the judge sufficient to comply with the mandate of *Kent v. United States,* 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966) and *Coney v. State,* 491 S.W.2d 501 (Mo.1973), the issue is otherwise resolved adversely to movant. Any objections which may have been available to challenge the juvenile court proceedings were waived by the failure of Brown to move in the circuit court for dismissal of the charge or remand of the case to the juvenile court before entry of judgment and sentence. *Jefferson v. State,* 442 S.W.2d 6 (Mo.1969); *Hooker v. State,* 569 S.W.2d 403 (Mo.App.1978).

■ Finally, Brown claims that his conviction and sentence should be set aside because counsel who represented him at the guilty plea hearing and prior thereto was ineffective. Again no claim is made that counsel's competence in any way affected Brown's knowledge of the charge nor is there any contention that the plea was in any respect rendered involuntary by the conduct of counsel or by his failure to act. Brown merely complains that counsel should have objected to reference by the prosecutor to the oral statement and should have acted in respect to the alleged defect in the juvenile court order. As neither claim of inadequate representation bears in any way on the issues of voluntariness and understanding, the claims have been waived by the guilty plea and cannot now be considered. *Barylski v. State,* 473 S.W.2d 399,

402 (Mo.1971); *Giles v. State*, 562 S.W.2d 106 (Mo.App.1978).

The judgment of the trial court denying movant's Rule 27.26 motion is affirmed.