**Robert Francis GOMILLIA, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 40535.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 28, 1979.

William J. Shaw, Public Defender, Patrick M. Sanders, Asst. Public Defender, Clayton, for movant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George R. Westfall, Pros. Atty., A. Frances Carpini, Asst. Pros. Atty., Clayton, for respondent.

CRIST, Judge.

Rule 27.26 motion.

Movant was previously convicted of first degree robbery with a dangerous and deadly weapon and assault with intent to kill with malice aforethought. *State v. Gomillia*, 529 S.W.2d 892 (Mo.App.1975). He filed in the court below this Rule 27.26 motion. After an evidentiary hearing, the court below denied the motion. Defendant appeals. We affirm.

Movant alleged in his motion, *inter alia*, that: (1) he was denied fair notice of the charge in that the state was allowed to amend the robbery information; and (2) he was denied due process in that he was not re-arraigned on the amended information. The court below *incorrectly* stated in its "Findings and Conclusions" that these claims were previously ruled upon in *State v. Gomillia, supra*. In its "Conclusions of Law" the court below ruled, "Many of petitioner's points were raised on appeal or could have been raised then and not by a 27.26 motion. Defendant's constitutional rights have not been infringed in any respect." Movant contends the erroneous "Findings and Conclusions" warrant reversal, citing *Lindner v. State*, 552 S.W.2d 70 (Mo.App.1977). We disagree.

 The state, before the beginning of the jury trial, and without objection, amended the information by deleting "on Fina Service Station" and substituting "Town and Country Tire Center, Inc." There is nothing in the original jury trial transcript to show any prejudice to movant by such substitution. The error of the court below was a mere technicality. It would be a disservice to all parties for us to reverse and remand to the trial court to correct a meaningless error. *Turner v. State*, 559 S.W.2d 555, 556 (Mo.App.1977).

 Movant also contends the court below erred in finding that his trial counsel was adequate. The court below heard testimony from movant and from his trial counsel. The court chose not to believe movant. The judgment of the trial court on this point is based on findings of fact which are not clearly erroneous. An extended opinion would have no precedential value. We rule this point against movant in accordance with Rule 84.16(b).

Judgment affirmed.

REINHARD, P. J., and GUNN, J., concur.