George Frank LINDNER, Appellant,

v.

Donald W. WYRICK, Warden, Appellee.

No. 80–1468.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 14, 1980.

Decided March 24, 1981.

Rehearing Denied April 21, 1981.

Andrew Puzder, E. Michael Murphy, St. Louis, Mo., for appellant George Frank Lindner.

John Ashcroft, Atty. Gen., Paul R. Otto, Jerry Short, Asst. Attys. Gen., Jefferson City, Mo., for appellee.

Before HENLEY, Circuit Judge, BENNETT,* Court of Claims Judge, and McMILLIAN, Circuit Judge.

McMILLIAN, Circuit Judge.

George Frank Lindner appeals from the district court's [1] dismissal of his petition for writ of habeas corpus under 28 U.S.C. § 2254. Lindner raises issues regarding exhaustion of state remedies, right to withdraw a guilty plea, and failure to grant an evidentiary hearing. For the reasons discussed below, we affirm.

Lindner robbed a liquor store on April 13, 1974. He was charged in an information with three counts of robbery in the first degree.[2] The three counts related to the robberies of three different individuals, that is, the owner and two customers of the store.

At a hearing on November 25, 1974, the public defender representing Lindner informed the court that Lindner wished to enter a guilty plea. The trial court, prior to accepting the plea, questioned Lindner and informed him that by pleading guilty he was waiving certain rights. Lindner stated that he understood this and that he had discussed it with his attorney. Then, the trial court questioned the public defender about whether there had been plea negotiations. The public defender said that there had been negotiations and that the prosecutor had agreed to recommend a twelve-year

---

\* The Honorable Marion T. Bennett, Judge, United States Court of Claims, sitting by designation.

1. The Honorable Edward L. Filippine, United States District Judge for the Eastern District of Missouri.

2. There was also a statement that the Second Offender Act applied to Lindner.

sentence on each count, to run concurrently. The trial court informed Lindner that it was not obligated to follow the prosecutor's recommendation and could impose the maximum sentence on each count. Lindner responded that he did not wish to withdraw his guilty plea and that his plea had been entered freely and voluntarily. After the prosecutor duly recommended a twelve-year sentence on each charge, to run concurrently, the trial court sentenced Lindner to ten years on each count, the three sentences to run consecutively.

On May 14, 1975, Lindner filed a motion to vacate his sentence under Rule 27.26 of the Missouri Rules of Criminal Procedure. His basic contention was that the public defender had refused to assist him in withdrawing his guilty plea or in appealing his conviction. The trial court summarily denied his motion. The Missouri Court of Appeals reversed and remanded the case for the entry of specific findings of fact and conclusions of law. *Lindner v. State*, 552 S.W.2d 70 (Mo.Ct.App.1977). On remand, the trial court set forth findings of fact and conclusions of law but denied the Rule 27.26 motion. Lindner then appealed the failure to grant an evidentiary hearing. The Missouri Court of Appeals affirmed the trial court's denial of Lindner's Rule 27.26 motion. *Lindner v. State*, 571 S.W.2d 441 (Mo. Ct.App.1978). The state has conceded that Lindner exhausted available state remedies as to the issues raised in the Rule 27.26 motion.

In May of 1979, Lindner filed his federal petition for writ of habeas corpus, alleging the following grounds for relief: (1) he was charged with three counts of robbery when there was only a single occurrence; (2) he was led to believe that he would receive a twelve-year sentence in exchange for his plea of guilty; and (3) he was denied his right to counsel because no attorney was appointed to represent him until the preliminary hearing.

On August 29, 1979, Lindner filed an amended petition, which alleged the follow-

ing as additional grounds for relief: (1) he received ineffective assistance of counsel at trial; (2) he received ineffective assistance of counsel on his Rule 27.26 motion; (3) he was sentenced without being served with a warrant, read his rights, arraigned or given a preliminary hearing; and (4) he never entered a guilty plea.

The district court referred the petitions to a magistrate. On May 6, 1980, the district court, following the magistrate's recommendation, dismissed on the merits the three claims set forth in the original petition, but dismissed without prejudice the four additional claims made in the amended petition for failure to exhaust state remedies. This appeal followed.

## I. *Exhaustion*

The four additional grounds set out in Lindner's amended petition were not raised in his Rule 27.26 motion. Following the magistrate's recommendation, the district court refused to review those allegations because Lindner had not exhausted his state remedies. Lindner acknowledged in his amended petition that the additional allegations had not previously been presented to any court, state or federal. Nevertheless, Lindner now asserts that he should not be required to return to the state courts because "in all likelihood" he does not have an available remedy there.

As Judge Arnold stated in *Thomas v. Wyrick*, "The question with respect to exhaustion is not merely whether [petitioner] has in the past presented his claim to the state courts, but also whether there is, under the law of Missouri, any presently available state procedure for the determination of the merits of that claim." 622 F.2d 411, 413 (8th Cir. 1980).

Rule 27.26 of the Missouri Rules of Criminal Procedure provides that a second motion to vacate a sentence shall not be entertained where the grounds in the second motion could have been raised in the original motion.[3] Missouri courts have con-

---

3. The pertinent sections read as follows:
 (c) Form and Sufficiency of Motion. A motion to vacate a sentence must be sub-

mitted on a form substantially in compliance with the form appended hereto. The motion shall include every ground known to the pris-

strued this requirement strictly, thus precluding most successive Rule 27.26 motions.[4] This circuit has recognized, however, that Rule 27.26 does not necessarily and absolutely foreclose a state court from entertaining a second or successive post-conviction motion. *Green v. Wyrick*, 428 F.Supp. 744, 746 (W.D.Mo.1977), *citing State v. Moreland*, 351 S.W.2d 33, 37 (Mo.1961). Therefore, the requirement of 28 U.S.C. § 2254(b) that available state remedies be exhausted prior to the consideration of federal habeas corpus claims will not be disregarded without some indication in the state record that further state proceedings would be futile. *Thomas v. Wyrick, supra,* 622 F.2d at 414 n.2; *Parton v. Wyrick,* 614 F.2d 154, 157 n.4 (8th Cir.), *cert. denied,* —— U.S. ——, 101 S.Ct. 131, 66 L.Ed.2d 56 (1980); *Green v. Wyrick, supra,* 428 F.Supp. at 746. When a federal habeas corpus petition contains both exhausted claims and unexhausted claims, absent special circumstances,[5] the district court should consider the exhausted claims but dismiss the non-exhausted claims while the petitioner pursues his remedy in the state courts. *Triplett v. Wyrick,* 549 F.2d 57, 59 (8th Cir. 1977).

Lindner has not exhausted his state remedies with regard to the four new claims. State review of these claims is not absolutely foreclosed. There is no indication in the state record that another state proceeding would be futile. Granted, Lindner will have the burden of proving that the additional claims could not have been alleged in the first petition; he will have to show that the new claims were based on information that he did not have at the time of the first petition. If he can do so, a state procedure is available. Therefore, Lindner is required to present his claims to the state court. There are no special circumstances here which would make it appropriate for the federal court to disregard the exhaustion requirement and dispose of these claims on the merits. The district court properly dismissed the non-exhausted claims raised in the second petition.

We proceed to review the allegations raised in his first petition as well as any support for these allegations which appeared in the second petition.

---

oner for vacating, setting aside, or correcting his conviction and sentence. The prisoner shall verify the correctness of the motion, including the fact that he has recited all claims known to him.

(d) Successive Motions. The sentencing court shall not entertain a second or successive motion for relief on behalf of the prisoner where the ground presented in the subsequent application was raised and determined adversely to the applicant on the prior application or where the ground presented is new but could have been raised in the prior motion pursuant to the provisions of subsection (c) of this Rule. The burden shall be on the prisoner to establish that any new ground raised in a second motion could not have been raised by him in the prior motion.

4. A second post-conviction motion cannot be employed to attack the result of the proceeding on the first post-conviction motion. *Frost v. State,* 589 S.W.2d 370 (Mo.Ct.App.1979). The result of the proceeding on the first post-conviction motion forecloses both those claims which were alleged and those claims which could have been alleged but were not. *Brown v. State,* 581 S.W.2d 407 (Mo.Ct.App.1979). Lack of legal knowledge does not justify suc-

cessive motions. *Pouncil v. State,* 579 S.W.2d 795 (Mo.Ct.App.1979). Where an allegation that defendant received ineffective assistance of counsel at the time of his guilty plea could have been advanced in the first post-conviction motion, it is not grounds for a successive motion. *Harkins v. State,* 521 S.W.2d 9 (Mo.Ct. App.1975); *Williams v. State,* 507 S.W.2d 664 (Mo.Ct.App.1974). *See also Speights v. State,* 556 S.W.2d 213 (Mo.Ct.App.1977). Furthermore, where the defendant possessed information upon which the second motion was based at the time when he filed the first motion, an allegation as to ineffective assistance of counsel in preparing the first post-conviction motion does not afford a basis for a second post-conviction motion. *Perry v. State,* 579 S.W.2d 728 (Mo.Ct.App.1979); *Hooper v. State,* 579 S.W.2d 647 (Mo.Ct.App.1979); *Riley v. State,* 545 S.W.2d 711 (Mo.Ct.App.1976); *Harkins v. State, supra,* 521 S.W.2d 9.

5. The exhaustion requirement is only a rule of comity, and special circumstances may make it appropriate to dispose of the claim on the merits. *Green v. Wyrick, supra,* 428 F.Supp. at 746 (abuse of the writ; judicial economy).

728

## II. *Guilty Plea*

Lindner contends that he was denied due process of law by the trial court's failure to offer him an opportunity to withdraw his guilty plea after the trial court had determined that it would not grant the sentence contemplated by the plea bargain. Lindner concedes that the prosecutor made the recommendation agreed upon, but argues that a part of the plea bargain was an implied promise that the trial court would follow the prosecutor's recommendation.

Since 1978, the Missouri Supreme Court has required that, as a matter of fairness, a trial court afford a defendant the opportunity to withdraw a plea of guilty in any case in which the trial court decides not to grant the sentence contemplated by the plea agreement. *Schellert v. State,* 569 S.W.2d 735 (Mo. banc 1978). The *Schellert* rule, however, was only to be applied prospectively. *McMahon v. State,* 569 S.W.2d 753, 759–60 (Mo. banc 1978). The *Schellert* rule has no application to the plea in the instant case, which took place in 1974.

 The ultimate question here, then, is whether, under the totality of the circumstances, the guilty plea was entered voluntarily, and intelligently. *Boykin v. Alabama,* 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969); *Griffith v. Wyrick,* 527 F.2d 109, 112 (8th Cir. 1975). Voluntariness is determined by factors at the time of the plea. *Ford v. United States,* 418 F.2d 855, 858 (8th Cir. 1969). A guilty plea induced by promises or made without a full understanding of the consequences will not sustain a conviction. *Machibroda v. United States,* 368 U.S. 487, 493, 82 S.Ct. 510, 513, 7 L.Ed.2d 473 (1962). Likewise, failure to fulfill a promise which was part of or induced the plea bargain is fundamentally unfair and deprives the defendant of due process. *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).[6]

Where a defendant is aware that his plea is not in exchange for a particular sentence but hopes that the court will follow the recommendation, he is not misled so as to undermine the voluntariness of the plea.[7] *Weaver v. United States,* 437 F.2d 431 (8th Cir.), *cert. denied,* 404 U.S. 859, 92 S.Ct. 157, 30 L.Ed.2d 101 (1971). *See McComy v. United States,* 514 F.2d 28 (8th Cir. 1975); *United States v. Woosley,* 440 F.2d 1280, 1281 (8th Cir.), *cert. denied,* 404 U.S. 864, 92 S.Ct. 53, 30 L.Ed.2d 108 (1971). There is no constitutional requirement, therefore, that a trial court permit a defendant to withdraw a guilty plea where that court decides after the hearing not to accept a recommendation for sentencing. *Massie v. Blankenship,* 469 F.Supp. 686, 689 (E.D.Va.1979). *Compare United States v. Truglio,* 493 F.2d 574, 580 n.3 (4th Cir. 1974) (abuse of discretion to deny motion to withdraw guilty plea where equivocal plea and ineffective assistance of counsel); *United States ex rel. Culbreath v. Rundle,* 466 F.2d 730, 735 (3d Cir. 1972) (presentence motion to withdraw guilty plea should be granted where no prejudice to government).

 A thorough proceeding was held before the trial court accepted Lindner's guilty plea. The trial court explained the nature of the charges, the range of penalties, and the rights being waived; and Lindner indicated that he understood. In response to the trial court's question about whether there had been plea negotiations, Lindner stated that he was entering his plea with the understanding that several other charges would be dismissed and that the state prosecutor would recommend three concurrent twelve-year sentences. The trial court then asked Lindner if he understood that the trial court was not obligated to follow the state's recommendation and that the trial court alone would deter-

---

**6.** The concurring opinions in *Santobello v. New York* stress the knowing and voluntary character of the plea. 404 U.S. at 263, 92 S.Ct. at 499.

**7.** Furthermore, nonacceptance of the plea agreement by the trial court is not a rejection of the plea agreement under Rule 11(e)(4) of the Federal Rules of Criminal Procedure. *United States v. Savage,* 561 F.2d 554, 556 (4th Cir. 1977).

mine his punishment.[8] Lindner said that he understood. After extensive questioning about the activity that led to the charges against him, Lindner reiterated that he wanted to enter a guilty plea.

Under the circumstances, Lindner voluntarily entered his guilty plea. The prosecutor did not violate his promise to recommend concurrent sentences. Nor did the trial court ever indicate that it felt obligated to follow the recommendation. Lindner was not misled. The guilty plea will sustain the conviction.

### III. *Evidentiary Hearing*

Finally, Lindner contends that the district court erred in dismissing his amended petition without an evidentiary hearing.

If relevant facts are in dispute and the state court did not hold a fair evidentiary hearing, the district court must grant an evidentiary hearing in a habeas corpus action. *Parton v. Wyrick, supra*, 614 F.2d at 158; *Shelton v. Ciccone*, 578 F.2d 1241, 1245 (8th Cir. 1978). Dismissal of the habeas corpus petition without a hearing is proper, however, where the allegations, even if true, fail to state a claim cognizable in a federal habeas corpus proceeding. *Parton v. Wyrick, supra*, 614 F.2d at 158. Dismissal without a hearing is also proper where the facts are not in dispute or where the dispute can be resolved on the basis of the record. *Hampton v. Wyrick*, 588 F.2d 632 (8th Cir. 1978), *cert. denied*, 440 U.S. 924, 99 S.Ct. 1253, 59 L.Ed.2d 477 (1979). *See also Coney v. Wyrick*, 532 F.2d 94, 100 (8th Cir. 1976) (reversed on the basis of the record).

Lindner contends that he was "promised" a twelve-year sentence in exchange for his guilty plea. If true, this allegation would be cognizable in a federal habeas corpus proceeding. The state, of course, disputes this allegation. But the factual dispute can be resolved on the basis of the record. In fact, the only trustworthy information about what took place in the plea proceeding, which took place nearly six years ago, is in the plea transcript. Both the magistrate and the district court clearly stated that they had reviewed the transcript. That proceeding was thorough and explicit about the plea bargain. Lindner does not indicate what additional information could be adduced at an evidentiary hearing. No hearing is required where a hearing could have no impact on the result. The district court did not err in dismissing Lindner's petition for habeas corpus without granting an evidentiary hearing.

Accordingly, the judgment of the district court is affirmed.

---

8. *Coney v. Wyrick*, 532 F.2d 94 (8th Cir. 1976), is distinguishable. There, the defendant had had assurances from both the prosecutor and the defense counsel that he would receive concurrent sentences. Also, that judge stated that he would accept the recommendation but then made the sentences consecutive.