George Frank LINDNER, Appellant,

v.

STATE of Missouri, Respondent.

No. 47536.

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 28, 1984.

J. Andrew Walker, Public Defender, Twenty-First Judicial Circuit, Clayton, for appellant.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Presiding Judge.

Defendant appeals from the trial court's summary dismissal without appointment of counsel or evidentiary hearing of a successive Rule 27.26 motion. We affirm.

Defendant pled guilty to three counts of robbery in the first degree on November 24, 1974 and was sentenced to thirty years imprisonment. Thereafter, he filed a Rule 27.26 motion to vacate his guilty plea. The circuit court denied the motion. On appeal, this court reversed and remanded the case, instructing the trial court to issue findings of fact and conclusions of law. *Lindner v. State*, 552 S.W.2d 70 (Mo.App.1977). On remand, the trial court reviewed the transcript and found that the defendant was not entitled to an evidentiary hearing.

Defendant again appealed to this court which affirmed the circuit court's ruling. *Lindner v. State*, 571 S.W.2d 441 (Mo.App. 1978).

On June 21, 1983, defendant filed a second Rule 27.26 motion claiming ineffective assistance of counsel both at his guilty plea hearing in 1974 and at his first Rule 27.26 motion in 1977. The circuit court summarily dismissed the motion. The court determined that the claims were or could have been raised in defendant's previous Rule 27.26 motion and appeal. It also ruled defendant was not entitled to an evidentiary hearing. Defendant again appeals to this court.

Defendant contends the trial court violated his right to procedural due process in summarily denying the Rule 27.26 motion and in failing to provide counsel at the time of the dismissal. Defendant further contends the trial court's failure to hold an evidentiary hearing violated his right to a hearing on the merits. We disagree.

■ Defendant's second Rule 27.26 motion presented no justiciable issue. Defendant could have raised the claim of ineffective assistance of counsel at his guilty plea hearing in the first Rule 27.26 motion. The circuit court correctly dismissed that claim. Supreme Court Rule 27.26(d); *Wilson v. State*, 613 S.W.2d 668 (Mo.App. 1981).

■ Defendant's additional claim of ineffective assistance of counsel at his first Rule 27.26 hearing is inappropriate. "A Rule 27.26 proceeding may only be employed to attack the validity of a conviction and sentence. It cannot be used to question the result of a post-conviction proceeding." *Adail v. State*, 612 S.W.2d 6, 8 (Mo. App.1980).

■ Failure to appoint counsel for a motion which merits summary dismissal does not violate defendant's due process rights. *Burnside v. State*, 600 S.W.2d 157 (Mo. App.1980). The court need not hold an evidentiary hearing when the record presents no cognizable issue to be determined. *Burns v. State*, 601 S.W.2d 633 (Mo.App.1980).

■ One of the purposes of a 27.26 motion is to bring a measure of finality to criminal proceedings. *Fields v. State*, 572 S.W.2d 477, 480–81 (Mo. banc 1978). It is not intended as a springboard for attack upon prior post-conviction proceedings. *Brauch v. State*, 653 S.W.2d 380, 381 (Mo. banc 1983). Defendant's successive motion presents no cognizable claim. To hear continual challenges to effective legal representation on repeated Rule 27.26 motions would intolerably clutter the courts and would reduce the whole legal process to ridicule. *Williams v. State*, 507 S.W.2d 664, 666 (Mo.App.1974). The Rule is directed only to defects which led to the original sentencing. *Id.*

Judgment affirmed.

PUDLOWSKI and SIMON, JJ., concur.