**Anthony Joe LARETTE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 54202.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 26, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 31, 1988.

Application to Transfer Denied
Oct. 18, 1988.

Jim Lynn, Columbia, for appellant.

William L. Webster, Atty. Gen., Stephen D. Hawke, Asst. Atty. Gen., Jefferson City, for respondent.

SMITH, Judge.

Movant appeals from the dismissal by the trial court of his motion for post-conviction relief pursuant to Rule 27.26. This is his second motion under that rule. The court dismissed the motion without an evidentiary hearing upon motion of the State. It did prepare findings of fact and conclusions of law addressing each of the claims for relief (22 in number) set forth in the motion. Movant was convicted of capital murder and sentenced to death. That conviction and sentence was affirmed in *State v. LaRette*, 648 S.W.2d 96 (Mo. banc 1983), *cert. denied*, 464 U.S. 908, 104 S.Ct. 262, 78 L.Ed.2d 246, (1983), *rhg. denied*, 464 U.S. 1004, 104 S.Ct. 515, 78 L.Ed.2d 702 (1983), which sets forth the facts of this grisly murder in detail. Upon denial of movant's original 27.26 motion, we affirmed in *LaRette v. State*, 703 S.W.2d 37 (Mo.App.1985).

Movant makes no direct attack on the trial court's findings of fact or conclusions of law. Rather he raises two other issues. The first is that the trial court erred because movant's counsel in this proceeding failed to ascertain all possible grounds for attacking the judgment and failed to amend the motion to set forth those grounds. The second attack is that the trial court failed to make findings of fact and conclusions of law on amendments to

the motion made after the order of dismissal and presented to the court for the first time as part of movant's motion for reconsideration. Both points are frivolous and were we dealing with other than a death penalty case we would dispose of them by order opinion.

 As to the first point, we note that the grounds set forth in the motion filed by movant *pro se* were articulately expressed, clear and free from confusion. Counsel did amend the motion to allege why the grounds could be considered in a second 27.26 proceeding. The record does not reflect that movant had any additional valid grounds at the time of the amendment. Appellate review of post-conviction relief is limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. *Laws v. State*, 708 S.W.2d 182 (Mo.App.1986) [2, 3]; Rule 27.26(j). The trial court could hardly be erroneous in its judgment in failing to consider facts of which it was unaware. Rule 27.26 "is not intended as a springboard for attack on prior post-conviction proceedings." *Lindner v. State*, 676 S.W.2d 299 (Mo.App.1984) [4]. The thrust of movant's first point is that his counsel in this proceeding below was ineffective. That is not the purpose of our review of 27.26 orders. *Id.*

 The second point is essentially an attempt to utilize a motion for reconsideration as a method of filing an additional 27.26 motion. The trial court ruled on the grounds before it. It did not err in failing to rule on grounds not before it at the time of its ruling. The trial court did examine the additional grounds and by letter to counsel advised it found "nothing there which changed my mind."

We have examined the grounds set forth in the attachment to the motion for reconsideration. A large number are duplicative of those set forth in the original *pro se* motion filed in this case. Most were decided adversely to movant in the direct appeal or on the appeal from the first 27.26 order. Some of the grounds attack rulings made or not made in the first 27.26 proceeding. Such grounds are not properly a part of a 27.26 proceeding. *Linder v. State, supra.* Those could and should have been raised on the original 27.26 appeal.

Judgment affirmed.

KAROHL, P.J., and KELLY, J., concur.