UNITED STATES of America, Appellee,

v.

**Robert George BECK, Appellant.**

**No. 79–1286.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 28, 1979.

Decided Oct. 4, 1979.

Robert G. Beck, pro se.

Robert D. Hiaring, U. S. Atty., Sioux Falls, S. D. and Jeffrey L. Viken, Asst. U. S. Atty., Rapid City, S. D., for appellee.

Before HEANEY, ROSS and McMILLI-AN, Circuit Judges.

PER CURIAM.

Robert George Beck, proceeding *pro se,* appeals from the denial of his post conviction petition filed pursuant to 28 U.S.C. § 2255.

On June 6, 1977, in a hearing in the district court, Beck pleaded guilty to a superseding information charging him with voluntary manslaughter under 18 U.S.C. §§ 1153 and 1112. He was sentenced to eight years in prison on July 11, 1977. Pursuant to a plea bargain agreement, the government then successfully moved to dismiss an outstanding indictment for second-degree murder arising out of the same incident.

The issues raised in this appeal are substantially the same as those presented to the district court. Liberally construed, *see Hill v. Wyrick,* 570 F.2d 748, 751 (8th Cir.), *cert. denied,* 436 U.S. 921, 98 S.Ct. 2272, 56 L.Ed.2d 764 (1978), Beck's petition alleges (1) that his guilty plea was invalid and (2) that he was denied effective assistance of counsel. We disagree and affirm the judgment of the district court.

■ Beck alleges that his plea was involuntary, uninformed and coerced because the district court failed to comply with the requirements of Rule 11. While he does not allege any specific facts in support of this contention, the gist of his argument appears to be that the court erred by failing to make a personal inquiry to determine if Beck's plea was given voluntarily and knowingly, and by allowing the prosecutor to participate in the Rule 11 inquiries. Both contentions are completely unsupported by the record. The district court judge made a full and specific inquiry into Rule 11 matters before accepting Beck's plea, and the prosecutor's Rule 11 participation at the hearing was limited to reading the information and explaining the terms of the plea bargain and the nature of the

government's case against Beck. Even so, the important thing is that all aspects of Rule 11 are explored in the record *either* by the court or the prosecutor. Beck's own answers negate any implication that his plea was coerced, uninformed or involuntary.

■ Next Beck contends that he lacked effective assistance of counsel because his attorney advised him to plead guilty without ever asking him if he was guilty. This contention is meritless. Beck admits that he told his attorney that he had been intoxicated on the night in question and could not remember the events that occurred. Furthermore, the record shows that Beck's attorney investigated the case, informed Beck of the evidence against him and explained his rights to him. Nothing in these facts gives rise to any inference of ineffective assistance of counsel. *See Nevels v. Parratt,* 596 F.2d 344, 346 (8th Cir. 1979).

■ Beck's argument that his plea was invalid because he cannot remember whether he committed the crime is equally meritless. It is clear that "[a]n individual accused of a crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." *North Carolina v. Alford,* 400 U.S. 25, 37, 91 S.Ct. 160, 167, 27 L.Ed.2d 162 (1970); *accord, Thundershield v. Solem,* 565 F.2d 1018, 1024–25 (8th Cir. 1977), *cert. denied,* 435 U.S. 954, 98 S.Ct. 1585, 55 L.Ed.2d 805 (1978). In view of the nature of the evidence against him and the fact that the district court judge reviewed the government's case and determined that there was a factual basis for Beck's plea, the validity of his plea cannot be seriously questioned. *See North Carolina v. Alford, supra,* 400 U.S. at 37–38, 91 S.Ct. 160.

■ Finally, Beck urges that his plea is invalid because he misunderstood the penalty that he would suffer. He states that his attorney advised him that he would be "out" after serving one-third of his sentence. The record shows that the district court judge fully informed Beck of the terms of the plea bargain and the maximum penalty for the crime. The judge also told him that he would not make any decision about the sentence until he received the presentence report. Beck responded that he understood the above as the terms of the plea bargain. Because Beck does not offer a valid reason why his earlier statements at the Rule 11 proceeding should not be accepted as true, "the accuracy and truth * * * [of those statements] are 'conclusively' established * * *." *Richardson v. United States,* 577 F.2d 447, 450 (8th Cir. 1978) (*quoting United States v. Williams,* 536 F.2d 247, 249–50 (8th Cir. 1976)).

■ The district court properly rejected Beck's arguments without a hearing. While the general rule is that a hearing is necessary when factual issues are presented in § 2255 motions, a hearing need not be held where the files and records " 'conclusively show that the prisoner is entitled to no relief.' " *Lindhorst v. United States,* 585 F.2d 361, 364 (8th Cir. 1978) (*quoting Cain v. United States,* 271 F.2d 337, 338 (8th Cir. 1959)).

The judgment of the district court is affirmed.