**UNITED STATES of America, Appellee,**

v.

**John Gregory LAMBROS, Appellant.**

No. 79–1752.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 11, 1980.

Decided Jan. 28, 1980.

Samuel Harris, I.L.A.C., Terre Haute, Ind., on brief, for appellant.

Thorwald H. Anderson, Jr., U. S. Atty., and Joseph T. Walbran, Asst. U. S. Atty., Minneapolis, Minn., on brief, for appellee.

Before HEANEY, ROSS and HENLEY, Circuit Judges.

PER CURIAM.

John Gregory Lambros, proceeding pro se, appeals from an order of the district court denying his post-conviction motion filed pursuant to 28 U.S.C. § 2255. We affirm.

In April, 1976, Lambros and several codefendants were tried on a multiple-count indictment charging an extensive conspiracy to import and distribute cocaine in Minnesota. Lambros was also charged with assaulting federal officers with a deadly weapon at the time of his arrest on the drug charges. After three days of trial before a jury, and after several codefendants at the trial entered guilty pleas, Lambros withdrew previously entered pleas of not guilty and entered guilty pleas to one count of possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1), and one count of assault with a deadly weapon upon a United States Marshal and agents of the Drug Enforcement Administration in violation of 18 U.S.C. §§ 111 and 1114. The guilty pleas were entered pursuant to a negotiated plea agreement, the terms of which were fully set forth in the record at the plea hearing. In return for the guilty pleas, the government agreed to make sentence recommendations and to move for dismissal of all other counts of the indictment. In addition, the United States Attorney advised the defendant and the court as follows:

> It is further our assurance, Mr. Lambros, that we will not pursue any cocaine-related charges against his wife Christina. This is a matter which concerns him and we are satisfied the ends of justice have already been served in her case.

On the day of sentencing, Lambros filed a motion for leave to withdraw his pleas of guilty, on grounds unrelated to his present motion. The motion was denied and Lambros was sentenced to ten years imprisonment on the assault charge and to a concurrent five-year sentence on the drug charge, plus a fine of $10,000 and a three-year special parole term. Both the conviction and the denial of the motion for leave to withdraw the guilty pleas were affirmed by this Court on appeal. *United States v. Lambros*, 544 F.2d 962 (8th Cir. 1976), *cert. denied*, 430 U.S. 930, 97 S.Ct. 1550, 51 L.Ed.2d 774 (1977).

Lambros initiated the present action on May 1, 1979, by filing a motion to vacate sentence and a supporting affidavit. Upon recommendation of a United States Magistrate, the district court denied the motion without holding an evidentiary hearing. This appeal followed.

The sole basis of the motion is Lambros' claim that his guilty pleas were coerced and involuntary because they were induced by government representations that his wife would be deported or prosecuted for related offenses if he did not plead guilty. In support of his claim, Lambros refers to the government's agreement not to prosecute his wife.[1]

At the plea hearing, both Lambros and his attorney affirmed that the United States Attorney accurately stated the terms of the plea agreement. Lambros was then carefully questioned by the United States Attorney, on behalf of the court, as to the voluntariness of his pleas. Lambros stated clearly that he desired to plead guilty, that his pleas were voluntary and that they were not induced by any threats or promises other than those stated on the record. In addition, Lambros said that he fully understood his rights and the consequences of his plea, admitted that he was guilty of the offenses charged, and stated that he had

---

1. Lambros does not allege that the government has failed to honor this agreement in any respect. *See Richardson v. United States*, 577 F.2d 447, 449 n.1, 451 (8th Cir. 1978), *cert. denied*, 442 U.S. 910, 99 S.Ct. 2824, 61 L.Ed.2d 276 (1979). The government advises that although Mrs. Lambros was arrested on drug charges along with Lambros, she was not indicted. *See* Brief of Appellee at 11, n.6.

ample opportunity to consult with his attorney and was fully satisfied with his advice. Finally, Lambros assured the court that he had answered all questions truthfully.

 It is apparent that at the plea hearing, Lambros acknowledged the agreement with respect to his wife, yet assured the court that his guilty pleas were wholly voluntary and not induced by any threats. The representations of a defendant at a guilty plea hearing constitute a formidable, although not insurmountable, barrier in any subsequent collateral proceeding. *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977). This Court has stated:

> [T]he accuracy and truth of an accused's statements at a Rule 11 proceeding in which his guilty plea is accepted are "conclusively" established by that proceeding unless and until he makes some reasonable allegation why this should not be so. Stated otherwise, we hold that a defendant should not be heard to controvert his Rule 11 statements in a subsequent § 2255 motion unless he offers a valid reason why he should be permitted to depart from the apparent truth of his earlier statement.

*Richardson v. United States*, 577 F.2d 447, 450 (8th Cir. 1978), *cert. denied*, 442 U.S. 910, 99 S.Ct. 2824, 61 L.Ed.2d 276 (1979), *quoting United States v. Williams*, 536 F.2d 247, 249–250 (8th Cir. 1976). *Accord, United States v. Beck*, 606 F.2d 814, 816 (8th Cir. 1979).

Lambros has offered nothing in his motion and supporting affidavit but bare, conclusory assertions that his pleas were involuntary and coerced by the agreement with respect to his wife. Such conclusory allegations are insufficient. *See Blackledge v. Allison, supra.*

As we stated in our opinion on Lambros' direct appeal, he is intelligent and was represented by competent retained counsel. Lambros elected to plead guilty only after several days of trial and after several codefendants changed their pleas to guilty. He has not here offered anything to suggest that his guilty pleas were other than the product of an informed, deliberate and voluntary decision, as he represented at the plea hearing.

Lambros contends on appeal that the district court was required to hold an evidentiary hearing before ruling on his motion. "While the general rule is that a hearing is necessary when factual issues are presented in § 2255 motions, a hearing need not be held where the files and records 'conclusively show that the prisoner is entitled to no relief.'" *United States v. Beck, supra* at 816, *quoting Lindhorst v. United States*, 585 F.2d 361, 364 (8th Cir. 1978). *Accord, United States v. Goodman*, 590 F.2d 705, 710 (8th Cir.), *cert. denied*, 440 U.S. 985, 99 S.Ct. 1801, 60 L.Ed.2d 248 (1979). The district court properly denied Lambros' motion without a hearing.

The judgment of the district court is affirmed.