Michael DUNN, Plaintiff,

v.

L. Dwayne HACKWORTH, Juvenile Officer in and for the 42nd Judicial Circuit, and Attorney at Law, Defendant.

No. 79–1252C(4).

United States District Court, E. D. Missouri, E. D.

Feb. 8, 1980.

Michael L. Dunn, pro se.

C. H. Parsons, Parsons & Mitchell P. C., Dexter, Mo., for defendant.

## MEMORANDUM

HUNGATE, District Judge.

This matter is before the Court on defendant's motion to dismiss. For the reasons stated below, defendant's motion will be granted.

Plaintiff brings · this action under 42 U.S.C. § 1983 against the defendant juvenile officer for alleged deprivation of plaintiff's constitutional rights. Plaintiff alleges that defendant accepted retainer fees to represent plaintiff in state criminal proceedings. Plaintiff contends that the direct conflict of interest between defendant's duties as a juvenile officer and as plaintiff's counsel not only violated the ethical codes

of the Missouri Bar Administration, but also deprived plaintiff of his constitutional rights to effective assistance of counsel, due process, and freedom from cruel and unusual punishment.

Allegations in a pro se complaint are to be liberally construed. *Haggy v. Solem*, 547 F.2d 1363 (8th Cir. 1977). Even under the most liberal construction, the specific acts of defendant, as alleged by plaintiff, show him to have acted only in performance of his duties as counsel retained by plaintiff. Such actions are not performed under the color of state law. *See Barnes v. Dorsey*, 354 F.Supp. 179, 182 (E.D. Mo.1973).

Without a threshold showing of state action, plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

Plaintiff also fails to state a claim based on the defendant juvenile officer's alleged ethical violation. It is improper for a Missouri attorney serving as a juvenile officer to represent a person charged with a felony or misdemeanor in any Missouri court. Advisory Committee of the Missouri Bar Administration, Op. 105 (Oct. 11, 1973).

However, this prohibition must be balanced with a client's right to retain the counsel of his own choosing. Plaintiff's opposition to defendant's motion to dismiss reveals that plaintiff was fully advised of defendant's willingness to withdraw as plaintiff's retained counsel at any time a conflict of interest might have arisen.

Assuming the facts of plaintiff's complaint to be true for jurisdictional purposes, the Court concludes beyond doubt that plaintiff will be unable to prove a set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

Therefore, defendant's motion to dismiss will be granted.