Michael L. DUNN, Appellant

v.

L. Dwayne HACKWORTH, Appellee.

No. 80–1285.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 19, 1980.

Decided Aug. 27, 1980.

Michael Dunn, pro se.

C. H. Parsons, Jr., Parsons & Mitchell, Dexter, Mo., for appellee.

Before LAY, Chief Judge, and HEANEY and ARNOLD, Circuit Judges.

PER CURIAM.

Michael L. Dunn, a Missouri state prisoner, appeals the district court's[1] dismissal, without prejudice, of his 42 U.S.C. § 1983 action.[2] The district court concluded that Dunn failed to state a legally cognizable claim under § 1983 because his allegations did not show that "state action" was involved.[3] We affirm.

Dunn's *pro se* complaint essentially alleged that: (1) Dunn and his mother retained appellee Hackworth in August of 1977, at a cost of $11,000, to represent Dunn in certain state criminal proceedings;[4] (2) Hackworth was, at that time, a Missouri state juvenile officer for the 42nd Judicial Circuit and Hackworth failed to disclose his state employment to Dunn; (3) Hackworth's state employment combined with his representation of Dunn resulted in a prejudicial conflict of interest; and (4) under color of Missouri state law, Hackworth misled and pressured Dunn into pleading guilty in violation of Dunn's right to effective assistance of counsel. Dunn alleged a "concerted and systematic effort" by Hackworth to deprive him of his constitutional rights of due process, effective assistance of counsel, and freedom from cruel and unusual punishment.

On appeal, Dunn argues that Hackworth had sheriff-like law enforcement authority[5] when he was employed as Dunn's defense counsel. The appellant contends that Hackworth's employment as a juvenile officer was a "sufficient nexus" to state authority to constitute color of law for purposes of § 1983. We cannot agree that Hackworth's mere status as a state juvenile officer, without more, transformed his representation of Dunn into state action for purposes of § 1983.

In order to state a § 1983 claim, Dunn must allege more than the mere fact of Hackworth's concurrent employment as a juvenile officer. Based on the facts in the record, Hackworth's representation of Dunn was unrelated to his state employment status; there are no specific factual allegations that Hackworth utilized his state office during his representation of Dunn. Construing Dunn's *pro se* complaint and other pleadings liberally, as we must, there are no specific allegations that Hackworth acted in any sort of an official capacity or under the guise of state authority.

As a result, the suit was properly dismissed. The actions of privately retained counsel are not considered state action and therefore cannot form the basis of a § 1983 claim. *See, e. g., Slavin v. Curry*, 574 F.2d 1256, 1265 (5th Cir. 1978) (private counsel do not act under color of law); *United States v. Zibilich*, 542 F.2d 259, 261 (5th Cir. 1976) (§ 1983 action against retained counsel for acts or omissions in a

---

1. The Honorable William L. Hungate, United States District Judge for the Eastern District of Missouri.

2. 42 U.S.C. § 1983 states:
   Every person who, *under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory*, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. [Emphasis added.]

3. 487 F.Supp. 332 (D.C.Mo.). The district court also rejected Dunn's claim that Hackworth violated an ethical provision of the Missouri Bar Association. That claim is not presented on appeal.

4. Specifically, Dunn was charged with two homicides and three robberies under Missouri law.

5. In support of this statement, Dunn cites Mo. Ann.Stat. § 211.401(2) (Vernon 1980), which states, "The juvenile officer is vested with all the power and authority of sheriffs to make arrests and perform other duties incident to his office."

criminal trial must fail for lack of state action); *Harley v. Oliver*, 539 F.2d 1143, 1145–1146 (8th Cir. 1976); *Harkins v. Eldredge*, 505 F.2d 802, 803 (8th Cir. 1974) (the conduct of private counsel, either retained or appointed, in representing clients does not constitute action under color of state law for purposes of a § 1983 action). *But cf. Dodson v. Polk County,* 628 F.2d 1104 (8th Cir. 1980) (public defender acts under color of state law).

The judgment of the district court is affirmed.