UNITED STATES of America, Appellee,

v.

Robert Ellis UNGER, Appellant.

No. 80–1456.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 8, 1980.

Decided Dec. 12, 1980.

James H. Reynolds, U. S. Atty., Cedar Rapids, Iowa, for appellee.

Robert Ellis Unger, pro se.

Before STEPHENSON, HENLEY and ARNOLD, Circuit Judges.

PER CURIAM.

Appellant Robert Unger appeals from the district court's denial of his motion to vacate sentence under 28 U.S.C. § 2255. His appeal raises issues involving the voluntariness of his guilty plea and the nature of his plea bargain. He seeks a remand to the district court for an evidentiary hearing to determine the true nature of his 1977 plea agreement and whether it was kept. We affirm the district court's denial of relief.

On July 20, 1977, after the jury was sworn and numerous witnesses subpoenaed, Unger pleaded guilty to separate counts of kidnapping and auto theft.[1] The guilty pleas were prompted by a plea bargaining agreement which was struck between the prosecuting attorney and Unger's defense counsel. In return, several other counts against Unger were dropped. The district court conducted an extensive Fed.R.Crim.P. 11 hearing before accepting Unger's guilty pleas.

On August 25, 1977, the district court conducted a sentencing hearing after which Robert Unger was sentenced to a fifty–year term on the kidnapping charge and a five-year concurrent term on the auto theft charge.[2]

Since the August 25, 1977, sentencing, Unger has filed numerous motions (usually on behalf of himself and his wife Crystal) attacking the validity of the guilty pleas, the length of the sentences imposed and various other matters relating to the 1977 proceedings. Some fifteen motions appear in the district court files.

The instant section 2255 motion was filed by Robert on February 4, 1980, and apparently sought relief for both Robert and Crystal. However, it was signed by Robert only as movant, and was properly considered by the district court as a motion for relief by Robert Unger. The grounds asserted in the district court were: (1) that an evidentiary hearing was required to determine the exact nature of the 1977 plea bargain; (2) that the Ungers were subjected to double jeopardy; (3) that their trial counsel was ineffective because he failed to properly prepare for trial and lied about the plea bargain; and (4) that a witness at the state preliminary hearing–the mother of the kidnapped child–testified that she gave the Ungers permission to keep the child during the period involved, thus negating

---

1. Unger's wife Crystal pleaded guilty to the kidnapping charge during the same proceedings in 1977. The designated record contains a section 2255 motion by Crystal which was filed on June 2, 1980, after the district court ruling in the instant case. This latest section 2255 filing by Crystal Unger is not before us for disposi-tion. Numerous post–sentence motions previously filed by Robert Unger had sought relief for Crystal as well.

2. Crystal Unger was also sentenced to a fifty-year term on the kidnapping charge.

the kidnapping charge. Unger also alleged that the district court imposed a severe sentence on the basis of prejudicial remarks by the prosecuting attorney during the sentencing hearing. On March 31, 1980, Unger filed additional arguments, essentially contending that the Ungers were coerced into entering into the guilty plea, that the plea bargain was breached, and again urged that an evidentiary hearing be held.

The district court denied section 2255 relief on May 1, 1980. The court held that most of the issues had been previously raised, decided against Unger and thus could not be reasserted. The court stated, *inter alia*:

> After attempts to withdraw their plea and to have their sentences reduced, petitioners filed their first motion to vacate on January 9, 1978. As part of their motion they proclaimed their innocence, that their pleas were coerced and without a factual basis; that they were denied effective assistance of counsel and that the government had violated its Petite Policy. This motion was denied on May 22, 1978. Petitioners appealed and the appeal was subsequently dismissed.[3] The court's May order is hereby incorporated by reference and those matters previously considered will not be reconsidered at this time.
>
> The dismissal of defendants' appeal was followed by a spate of motions from petitioners. Once again the motions raised several grounds dealing with the presence of counsel when petitioners were ordered to undergo psychiatric evaluation, prejudicial statements by the prosecutor, excessive sentence, breach of the plea bargain and mental competency at the time of the offense. The bulk of these matters were denied by the court in its order entered February 13, 1979, and will not be reconsidered again here.
>
> At that time, in light of the numerous issues raised by petitioners and the vagueness of many of their allegations,

counsel was appointed to assist them in the preparation of a comprehensive and final motion to vacate. After reviewing the record, counsel filed and was granted leave to withdraw on December 10, 1979, concluding after an investigation of the circumstances of the case that petitioners had no grounds for post conviction relief.

> The present motion was filed on February 4, 1980. Once again it raises matters that were previously considered in the court's prior orders and these matters are denied with reference to the other orders. All other grounds must be dismissed as frivolous.
>
> In passing, the court would note on its own motion that perhaps the most serious problem in this case centers around the fact that defendants were represented by the same counsel at all times. However, a review of the tapes of petitioners' initial appearances reveal that they were adequately advised of their right to independent counsel and knowingly and voluntarily waived separate counsel. Further, no conflict in representation is urged or apparent from the record. *See Holloway v. Arkansas*, 435 U.S. 475 [98 S.Ct. 1173, 55 L.Ed.2d 426] (1978); *United States v. Cox*, 580 F.2d 317 (8th Cir. 1978); *United States v. Lawriw*, 568 F.2d 98 (8th Cir. 1977).

■ In this appeal, Robert Unger raises issues going to the voluntariness of his guilty plea, the nature of the plea bargain and seeks a remand to the district court for an evidentiary hearing to ascertain the true nature of the 1977 plea agreement and whether the terms of the agreement were kept. In support of his contentions, Unger cites *United States v. Scharf*, 551 F.2d 1124 (8th Cir.), *cert. denied*, 434 U.S. 824, 98 S.Ct. 70, 54 L.Ed.2d 81 (1977). The government responds that Unger previously raised the same objections to the 1977 plea procedure and therefore, this court is not required to reconsider the issues. Since no post–conviction evidentiary hearings have been held,

---

**3.** Records of this court disclose that on motion of appellants their appeal was dismissed September 7, 1978.

we must determine whether the files and records of the case conclusively show that petitioner is entitled to no relief. *Smith v. United States*, 618 F.2d 507, 510 (8th Cir. 1980); *United States v. Goodman*, 590 F.2d 705, 710 (8th Cir.), *cert. denied*, 440 U.S. 985, 99 S.Ct. 1801, 60 L.Ed.2d 248 (1979); *Lindhorst v. United States*, 585 F.2d 361, 364–65 (8th Cir. 1978).

We have carefully examined the entire record and conclude that Unger's section 2255 motion was properly dismissed. Unger initially filed several motions to reduce or modify sentence in which he challenges the legality of his guilty plea and the plea bargain. The district court rejected those contentions and other complaints in a comprehensive ruling on the Ungers' first section 2255 proceeding. The district court held *inter alia*: (1) there was a factual basis for the Ungers' guilty plea, (2) the allegations of plea coercion were contradicted by the record, and (3) petitioners failed to allege a breach of duty by counsel or any prejudice arising therefrom. (Order filed May 22, 1978.)

In response to a subsequent series of Unger motions including a motion entitled "Motion for 2255" the district court, on February 13, 1979, filed a comprehensive order in which it reviewed pending motions. Of particular interest is the court's review of defendant's claim of a breach of the plea bargain. The court noted that defendants had been placed under oath and interrogated prior to the court accepting the guilty pleas. In addition, counsel were sworn and testified as to the terms of the plea bargain. Thereafter defendants acknowledged under oath that counsel had made an accurate statement of the entire plea bargain. The court expressed the view that "defendant has failed to allege any violation of the plea bargain." However, because defendant's allegations were "vague enough * * * so as to leave the court uncertain as to whether any claim may have potential merit" the court denied all pending motions without prejudice and appointed counsel to represent defendants in filing appropriate motions under 28 U.S.C. § 2255.

Counsel was appointed but the district court later permitted her to withdraw after she reported that after investigation and study of the files, she concluded that no meritorious section 2255 grounds existed. Robert Unger then filed *pro se* the instant section 2255 motion which was denied on May 1, 1980.

With respect to the merits of Unger's challenge to his guilty plea, the record does not support Unger's claims of coercion and deceit by his defense counsel and by the prosecuting attorney. The change of plea hearing transcript clearly reveals that the requirements of Fed.R.Crim.P. 11 were satisfied.

After each of the defendants was sworn, the district court carefully inquired whether: (1) the pleas were being entered voluntarily and solely because the defendants were guilty; and (2) the pleas were induced by threats or promises other than a plea bargain. The Ungers answered "Yes" and "No" respectively. After being advised that there was a plea bargain, the court directed that counsel be sworn with respect thereto. The prosecutor—while under oath—then set forth the terms of the plea bargain, defense counsel attested to its accuracy, after which the district court directly questioned the Ungers: "Were there any other conditions or provisions that you understood were a part of the deal that weren't stated by [the assistant U. S. attorney]?" Robert and Crystal Unger answered: "No." The district court fully discussed how a guilty plea constitutes a waiver of important trial rights, permitted Robert to explain his view of the facts and fully explored the facts surrounding the charges. *See, North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *Benson v. United States*, 552 F.2d 223 (8th Cir. 1977). In short, the district court thoroughly considered all the facts and complied with Rule 11 before accepting the guilty pleas.

"The representations of a defendant at a guilty plea hearing constitute a formidable, although not insurmountable, barrier in any subsequent collateral pro-

ceeding." *United States v. Lambros*, 614 F.2d 179, 181 (8th Cir. 1980). A defendant is not permitted to controvert his Rule 11 statements in a subsequent motion unless he offers a valid reason why he should be permitted to depart from the apparent truth of his earlier statement. *Id.; United States v. Goodman, supra*, 590 F.2d at 710. Conclusory assertions that a defendant's pleas were involuntary and coerced are insufficient. *United States v. Lambros, supra*, 614 F.2d at 181. Further, a hearing is usually necessary when a section 2255 motion raises factual issues; however, no hearing is required where the files and records conclusively show that the prisoner is entitled to no relief. *Id.; United States v. Goodman, supra*, 590 F.2d at 710; *United States v. Huffman*, 490 F.2d 412, 413 (8th Cir.), *cert. denied*, 416 U.S. 988, 94 S.Ct. 2395, 40 L.Ed.2d 766 (1973).

█ In our view, Unger does not offer a valid reason why he should be allowed to recant his sworn Rule 11 testimony. Although he argues he was lied to concerning the nature of the plea bargain, his version of the representations to him and his reasons for pleading guilty in 1977 are unbelievable in light of the record.

Unger asserts on appeal that *United States v. Scharf, supra*, 551 F.2d 1124, warrants remand for an evidentiary hearing. However, *Scharf* is distinguishable because there the court found two crucial defects in the district court's Rule 11 proceedings: (1) the district court did not inquire whether the defendant's willingness to plead guilty resulted from plea bargaining negotiations; and more importantly, (2) the district court failed to develop the existence of a plea bargain and the terms of the bargain. *Id.* at 1129. Neither defect exists in the instant case.

In our view, this case can be affirmed on the ground that Unger's challenge of his guilty plea and the plea bargain is repetitious. It was previously raised and decided against him in rulings on previous section 2255 motions filed by the district court on May 22, 1978, and February 13, 1979, and therefore need not be reconsidered.[4] However, in view of petitioner's lack of counsel we have examined the Rule 11 transcript and the entire record. It reveals that the district court, after a thorough Rule 11 hearing, properly accepted Unger's guilty pleas. Unger's various arguments simply fail to elicit any good reason to permit Unger to recant his Rule 11 testimony. This action is similar to *United States v. Williams*, 536 F.2d 247, 250 (8th Cir. 1976), where it is stated:

> In the instant case the district court was not required to conduct an evidentiary hearing on allegations which amounted to no more than a bare contradiction of statements petitioner made when she pled guilty. [Citation omitted.] If the allegations had gone beyond matters covered in the Rule 11 proceedings or were supported by credible affidavits that raised substantial inference that an unkept plea bargain was in fact made, section 2255 would ordinarily require a hearing. [Citation omitted.]

We are satisfied that petitioner's motion and the files and records of this case conclusively show that Unger is entitled to no relief.

Affirmed.

█

---

4. The district court properly dismissed the instant action and was not bound to grant a hearing on Unger's successive motion alleging a ground—the validity of his guilty plea—for relief already fully considered on prior motions and decided against the Ungers. *Sanders v. United States*, 373 U.S. 1, 9, 15–16, 83 S.Ct. 1068, 1073, 1077, 10 L.Ed.2d 148 (1963); *Johnson v. Petrovsky*, 626 F.2d 72 (8th Cir. 1980) slip op. at 2; *Peterson v. United States*, 493 F.2d 478, 479 (8th Cir. 1974).