Michael DUNN, Petitioner,

v.

Donald WYRICK, Warden, Missouri
Penitentiary, Respondent.

No. 81–367C(3).

United States District Court,
E. D. Missouri, E. D.

Dec. 9, 1981.

Michael Dunn, pro se.

Lew A. Kollias, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

OPINION

FILIPPINE, District Judge.

Michael Dunn has filed a petition seeking federal habeas corpus pursuant to 28 U.S.C. § 2254. This matter has been again referred to the undersigned United States Magistrate pursuant to 28 U.S.C. § 636(b) for reconsideration in light of *Powell v. Wyrick*, 657 F.2d 222 (8th Cir. 1981).

In 1977, petitioner was charged in two separate cases, with two counts of capital murder. Plea bargaining occurred and on August 6, 1977, Dunn pleaded guilty to an amended information charging first degree murder. On August 22, 1977, Dunn pleaded guilty to an amended information charging second degree murder. Ultimately, he received two life sentences to be served concurrently. Thereafter, Dunn filed a motion to vacate sentence, pursuant to Rule 27.26. This motion was denied without an evidentiary hearing and the denial affirmed on appeal. *See, State v. Dunn*, 608 S.W.2d 114 (Mo.App., E.D.1980).

Dunn raises three claims which he asserts entitles him to relief:

(1) His guilty plea was not knowingly
and voluntarily entered because his

retained counsel did not inform Dunn that counsel had a conflict of interest to wit: counsel was also a juvenile officer for the State of Missouri at the time he represented petitioner. As a result of the alleged conflict of interest, defense counsel demanded Dunn plead guilty, threatened him with the death sentence, and acted like a prosecutor.

(2) Dunn's guilty plea was not knowingly, intelligently and voluntarily entered because he was under the influence of drugs at the time the plea was entered.

(3) The reduction of charges from capital murder to first and second degree murder deprived the circuit court of jurisdiction and the court's acceptance of his guilty plea denied Dunn due process of law.

### CONFLICT OF INTEREST

Dunn's allegation that his defense counsel had a conflict of interest is indeed a serious allegation. As petitioner points out, a state prisoner has a constitutional right to effective assistance of counsel. Furthermore, as the Eighth Circuit pointed out in *Ford v. Parratt*, 638 F.2d 1115 (8th Cir. 1981), a guilty plea which is triggered as a result of ineffective assistance by defense counsel is subject to collateral attack via proceedings under 28 U.S.C. § 2254.

As the Supreme Court recently pointed out in *Holloway v. Arkansas*, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978), and *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980), the existence of a conflict of interest strikes at the very heart of a criminal defendant's Sixth Amendment right to effective assistance of counsel. In *Cuyler v. Sullivan, supra*, the court stated:

> In order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest

adversely affected his lawyer's performance.

As in *Sullivan*, Dunn never objected to his attorney's representation of him until after his guilty plea had been entered. Dunn has stated he was unaware of his attorney's role as a juvenile officer until after his plea of guilty had been entered.

█ Frankly, the claim raised here is an unusual one. Typically, "conflict of interest" claims arise out of representation of multiple defendants. *See, Cuyler v. Sullivan, supra.* Dunn's claim, however, is that defense counsel's conflict of interest arose out of his position as a state juvenile officer.[1] We have found no judicial precedent exactly on point. The Missouri Court of Appeals refused to hold as a matter of law that a conflict of interest existed. *State v. Dunn, supra.* The court stated:

> By defendant's third point he contends he was denied effective assistance of counsel in that his counsel was the juvenile officer of an adjoining circuit and therefore had a conflict of interest. At his guilty plea hearing defendant admitted thorough, prolonged consultation and satisfaction with his counsel. We are cited to neither statutory nor case law that there is an ipso facto conflict of interest in a juvenile officer representing a defendant in a case wholly unrelated to his official duties, and we decline to so rule.

> In support of his last contention defendant cites federal cases holding in substance that an attorney must render "untrammeled and unimpaired assistance" and avoid duplicity. We do not disagree but find the record does not show any conflict of interest by defendant's trial court counsel.

The Missouri court's opinion is not, of course, binding on this Court's determination of federal law. It points out, however, that no actual conflict of interest has been alleged as required by *Parker v. Parratt*, 662 F.2d 479 (8th Cir. 1981). As *Parker*

---

1. An affidavit filed by Dunn on October 6, 1981, suggests other possible conflicts of interest.

points out, representation of multiple defendants is not *per se* a conflict of interest. There must be an actual conflict of interest.

■ Dunn's simple allegation defense counsel was also a juvenile officer does not present an "actual conflict of interest". Counsel's duties as a juvenile officer appear to be wholly unrelated to his performance of his duties as Dunn's attorney. In fact, the potential for a conflict of interest appears substantially slighter than if Dunn had simply alleged his attorney represented several co-defendants. Therefore, Dunn has failed to allege an actual conflict of interest.

Furthermore, Dunn has failed to allege facts which would demonstrate the conflict of interest adversely affected his attorney's representation. Dunn says his defense counsel demanded he plead guilty, threatened him with the death sentence, and acted like a prosecutor. Obviously, Dunn did face the death sentence. His attorney should thoroughly advise him of this circumstance. There is no way such advice would reflect adversely on defense counsel's representation of Dunn. Furthermore, the record of the guilty plea proceedings refute Dunn's allegations that his attorney coerced him into pleading guilty. Under these circumstances, Dunn's allegations are insufficient to demonstrate the necessary prejudice.

In this regard, one final comment should be made. Respondent suggests this Court should dismiss Dunn's petition because the Eighth Circuit affirmed the dismissal of his 42 U.S.C. § 1983 suit against his defense counsel. *See, Dunn v. Hackworth*, 628 F.2d 1111 (8th Cir. 1980). Respondent relies heavily on this case and quotes a portion which states, "there are no specific factual allegations that Hackworth utilized his state office during his representation of Dunn". The Eighth Circuit noted this demonstrated Hackworth was not "acting under color of state law" in his representation of Dunn (i.e., Hackworth was not a public defender or appointed counsel). The Eighth Circuit's holding was limited to the well established principle that private counsel is not amenable to suit under 42 U.S.C. § 1983. *See, White v. Walsh*, 649 F.2d 560 (8th Cir. 1981). We do not deny Dunn's claim on this ground.

## INFLUENCE OF DRUGS

■ Dunn also claims his plea was not knowing, intelligent and voluntary in that he was under the influence of drugs at the time his guilty plea was entered. Frankly, the transcripts of Dunn's two guilty plea proceedings refute this allegation. Furthermore, the Rule 27.26 count dismissed Dunn's motion for exactly this reason (Respondent's Exhibit A at p. 21). Since we find Dunn's sworn testimony at the plea proceedings directly refutes, *in toto*, his belated assertion that he was under the influence of drugs when he pleaded guilty, relief should be denied. *See, United States v. Unger*, 635 F.2d 688 (8th Cir. 1980); *United States v. Lambros*, 614 F.2d 179 (8th Cir. 1980); *Williams v. Missouri*, 640 F.2d 140 (8th Cir. 1980), *cert. denied*, 451 U.S. 990, 101 S.Ct. 2328, 68 L.Ed.2d 849 (1981); *Parton v. Wyrick*, 614 F.2d 154 (8th Cir. 1980).

## LACK OF JURISDICTION

■ The District Court resubmitted this matter for our consideration in light of *Powell v. Wyrick, supra. Powell* does not affect our original determination that Dunn failed to exhaust his available state remedies with regard to his claim the trial court lacked jurisdiction to accept his guilty plea. In *Lindner v. Wyrick*, 644 F.2d 724 (8th Cir. 1981), a habeas petitioner, who had proceeded through one Rule 27.26 proceeding, attempted to assert new claims in federal court which had never been presented to the state courts. The Eighth Circuit stated:

This circuit has recognized, however, that Rule 27.26 does not necessarily and absolutely foreclose a state court from entertaining a second or successive post-conviction motion. [Citations omitted.] Therefore, the requirement of 28 U.S.C. § 2254(b) that available state remedies be exhausted prior to the consideration of federal habeas corpus claims will not be

disregarded without some indication in the state record that further state proceedings would be futile. [Citations omitted.]

\* \* \* \* \* \*

Lindner has not exhausted state remedies with regard to the four new claims. State review of these claims is not absolutely foreclosed. There is no indication in the state record that another state proceeding would be futile. Granted, Lindner will have the burden of proving that the additional state claims could not have been alleged in the first petition; he will have to show that the new claims were based on information that he did not have at the time of the first petition. If he can do so, a state procedure is available. Therefore, Lindner is required to present his claims to the state court.

Dunn has not presented his "lack of jurisdiction" claim to any state court. In light of *Lindner*, Dunn's lack of jurisdiction claim should be dismissed for him to exhaust his state remedies. Neither *Powell* nor *Turnbough v. State*, 574 S.W.2d 400 (Mo. banc 1978), alters this conclusion.

Therefore, the undersigned United States Magistrate recommends Dunn's petition for federal habeas relief be denied in its entirety.

The parties are hereby advised that they have ten days from the service of this opinion within which to file objections to same, pursuant to 28 U.S.C. § 636(b).

### ORDER

This matter is before the Court on the reinstated petition of Michael Dunn for a writ of habeas corpus. The petitioner raises three claims which he asserts entitle him to relief: (1) conflict of interest of his defense counsel; (2) lack of voluntariness of his plea; and (3) lack of jurisdiction of the trial court. The reinstated petition was referred to the United States Magistrate pursuant to 28 U.S.C. § 636(b). After consideration of the Opinion of the United States Magistrate filed November 9, 1981,

IT IS HEREBY ORDERED that the Opinion of the United States Magistrate be and is SUSTAINED and ADOPTED.

IT IS FURTHER ORDERED that the petition with respect to petitioner's claims regarding conflict of interest and involuntariness of his plea be and is DISMISSED with prejudice without further judicial proceeding.

IT IS FURTHER ORDERED that the petition with respect to the claim regarding lack of jurisdiction of the trial court be and is DISMISSED without prejudice pending exhaustion of petitioner's state remedies.