**UNITED STATES of America, Appellee,**

v.

**Naomi SAMUELS, Appellant.**

No. 83–1547.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 9, 1984.

Decided Jan. 20, 1984.

Faison T. Sessoms, Jr., Minneapolis, Minn., for appellant.

James M. Rosenbaum, U.S. Atty., Janice M. Symchych, Asst. U.S. Atty., D. Minn., Minneapolis, Minn., for appellee.

Before HENLEY, Senior Circuit Judge, and JOHN R. GIBSON and FAGG, Circuit Judges.

PER CURIAM.

Naomi Samuels appeals from judgment of conviction of two counts of wire fraud, 18 U.S.C. § 1343, entered upon her plea of guilty in the District Court for the District of Minnesota.[1] The pleas were entered following a plea bargain under which eighteen other counts of what may be called a "check-kiting" scheme were dismissed. For reversal appellant argues that the trial court did not comply with the requirements of Fed.R.Crim.P. 11 governing guilty plea hearings. In particular, appellant alleges that the trial court failed (1) to explain to her the nature of the offense; (2) to develop an adequate factual basis on the record for the guilty plea; and (3) to address her personally regarding her constitutional rights. We affirm.

Rule 11(c)(1), Fed.R.Crim.P., provides that before accepting a guilty plea, the trial judge must address the defendant personally in open court to ensure that he or she is informed of and understands the nature of the charge to which the plea is offered. In the case at bar, appellant claims that the trial judge violated this rule

---

1. The Honorable Robert G. Renner, United States District Judge for the District of Minnesota.

by delegating its responsibility to the prosecutor and defense counsel. The record reveals that both the prosecutor and defense counsel thoroughly examined appellant with respect to her understanding of the charges at the guilty plea hearing. Appellant stated that she understood she had been charged with check-kiting and was going to enter a plea of guilty to wire fraud counts. She represented that defense counsel had discussed with her the statutory language and elements of the offense, particularly the meaning of "fraudulent" and "fraud," and the jury instructions the court could give if the case went to trial. The district court did not literally comply with the dictates of Rule 11; however, "[t]he established rule in this circuit is that district courts are required to act in substantial compliance with the dictates of rule 11, although 'ritualistic' compliance is not required." *United States v. Missouri Valley Construction Co.,* 704 F.2d 1026, 1029 (8th Cir.1983).

The district court in the present case personally addressed appellant at the close of the guilty plea hearing to make sure that she understood her rights and the offenses with which she was charged. Appellant was an intelligent person, a law school graduate, and experienced in business. She was represented by competent counsel throughout all proceedings before the district court. We hold that in these circumstances the district court substantially complied with Rule 11(c)(1). *See United States v. Gray,* 611 F.2d 194, 198–99 (7th Cir.1979), *cert. denied,* 446 U.S. 911, 100 S.Ct. 1840, 64 L.Ed.2d 264 (1980); *United States v. Lambros,* 544 F.2d 962, 965–66 (8th Cir.), *cert. denied,* 430 U.S. 930, 97 S.Ct. 1550, 51 L.Ed.2d 774 (1976).

Appellant further claims that the trial court failed to establish a factual basis for the plea as required by Fed.R.Crim.P. 11(f). This claim is without merit. We have thoroughly reviewed the transcript of the guilty plea proceeding and find more than enough to support findings that offenses said to have been committed were in fact committed and that the defendant committed them.

Agent Hanson of the FBI under oath described the entire scheme using illustrative diagrams and charts to show how the scheme operated over a period of some four years. He testified in considerable detail as to the part played by Naomi Samuels and had for each count in the indictment a summary flow chart of the transaction charged. Mrs. Samuels stated to the court that, although without looking at the record she had no present recollection of the specific transfers on each side of the wire transfers referred to in the counts to which she was pleading, those transfers were in fact made in fashion similar to that detailed by Agent Hanson and that she had no disagreement with Hanson's presentation.

Finally, appellant alleges that the trial court erred in allowing the prosecutor to participate in the Rule 11 inquiries concerning appellant's various trial rights. She does not claim that she was not informed of all her rights as set forth in Rule 11, or that her plea was coerced, uninformed or involuntary as the result of the prosecutor's participation. Indeed, her own answers to the prosecutor's and the court's questions negate any such implication. Furthermore, the trial court conducted a specific inquiry into Rule 11 matters before accepting appellant's plea. While it doubtless is good practice for the court to comply literally and fully with every aspect of Rule 11, "the important thing is that all aspects of Rule 11 [were] explored in the record *either* by the court or the prosecutor." *United States v. Beck,* 606 F.2d 814, 816 (8th Cir.1979) (emphasis in original).

Accordingly, the judgment of the district court is affirmed.