785 F.2d 308
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JOHN P. FRANCE, Petitioner-Appellant,
v.
UNITED STATES OF AMERICA, Respondent-Appellee.
 85-3357
 United States Court of Appeals, Sixth Circuit.
 1/21/86
 
 ORDER
 BEFORE: ENGEL, KENNEDY and RYAN, Circuit Judges.
 
 
 1
 This matter is before the Court upon the appellant's motion to consolidate, and motion for counsel. The appeal has been referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record, appellant's motion and memorandum in support, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 John P. France is appealing the judgment of the district court denying his motion to vacate his federal conviction pursuant to 28 U.S.C. Sec. 2255. The district court accepted the recommendation of the magistrate, Jack B. Streepy. France is presently incarcerated in a federal prison as he had pled guilty to a five count information involving bank fraud, interstate transportation of stolen property, tax evasion and bankruptcy fraud. The crimes arose in the course of the operation of appellant's business, Cleveland Steel. He is serving a five year sentence. The appellant's motion is a lengthy and confusing document. However, on appeal he appears to challenge the district court's decision on four grounds. France contends that his guilty plea was coerced; he argues that defense counsel was ineffective. Further, he contends the conviction was obtained in violation of his privilege against self-incrimination and his Sixth Amendment right to a speedy trial.
 
 
 3
 Regarding the coercion argument, the plea was made pursuant to a plea agreement. The guilty plea colloquy between the judge and appellant shows the plea was voluntary. Thus, France bears a heavy burden to show the plea was involuntary. Blackledge v. Allison, 431 U.S. 63, 73-75 (1977). Specifically, the appellant charges that the government induced the guilty plea in return for a promise of a lighter sentence. The guilty plea transcript refutes this. In addition, the plea ageement stated that the government would not make any recommendation concerning sentence, and the government upheld its promise. The appellant's conclusory allegations are not sufficient to refute the evidence in the record. See United States v. Lambros, 614 F.2d 179 (8th Cir. 1980).
 
 
 4
 France also argues his plea was coerced because it was entered in fear of further prosecution. A plea is not involuntary because it may be brought about by fear of the possibility of a greater penalty upon conviction after a trial. Bordenkircher v. Hayes, 434 U.S. 357, 363 (1978).
 
 
 5
 Finally, in respect to his coercion claim, the appellant contends there was confusion concerning sentencing and that there was not an adequate factual background to support his plea. A reading of the sentencing transcript attached to his memorandum in support of his motion for counsel and the journal entry by the court shows there was no confusion. The court entered a five year concurrent sentence. Further, the record shows that there was an adequate factual background to support his plea.
 
 
 6
 Once a guilty plea has been entered, the criminal defendant thereafter may only attack the voluntary and intelligent character of the guilty plea by showing the advice received from counsel was not within a reasonable competency standard. Tollett v. Henderson, 411 U.S. 258, 267 (1973). In additional, counsel's error must be so severe as to prejudice the appellant. Strickland v. Washington, ---- U.S. ----, 104 S.Ct. 2052 (1984). In order to satisfy the prejudice requirement of Strickland, the defendant must show there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, ---- U.S. ----, 54 USLW 4006 (Nov. 18, 1985).
 
 
 7
 France's initial ineffective counsel claim appears to be that he had a right to counsel of choice. This is a frivolous argument. United States v. Davis, 365 F.2d 251, 254 (6th Cir. 1966). The appellant's other ineffective claims are as follows: counsel should have moved to quash the information on the basis that an indefinite time appeared therein; there was a conflict of interest because counsel had represented another individual associated with appellant in a civil action against Cleveland Steel; counsel did not spend adequate time interviewing witnesses and searching for exculpatory evidence; his guilty plea was not supported by the evidence; finally, he contends he had a defense based upon the Speedy Trial Act.
 
 
 8
 Most of the these allegations are conclusory, and, as being unsupported by the proof or reference to such proof, the motion is legally insufficient. Short v. United States, 504 F.2d 63 (6th Cir. 1974). The appellant doesn't specifically indicate how representation of the third party would prejudice him. Further, it is clear there was a factual basis supporting the guilty plea. Finally, the appellant does not reveal the undiscovered evidence or witnesses overlooked by counsel and does not identify any prejudice. As these are conclusory claims, they are without merit.
 
 
 9
 The appellant's Speedy Trial Act argument is also without merit. He argues that his records were subpoenaed in 1979 and four years lapsed before multiple charges were made. His argument does not come under the Speedy Trial Act as rights under that Act do not accrue until formal charges are pending. United States v. Sanchez, 722 F.2d 1501 (11th Cir. 1984). Further, pre-indictment delay does not offend the Fifth Amendment due process clause unless the delay causes substantial prejudice and the delay is an intentional device to gain a tactical advantage over the accused. United States v. Hendricks, 661 F.2d 38 (5th Cir. 1981). Here again, the appellant does not allege facts which would show counsel was deficient.
 
 
 10
 The appellant's argument regarding the information is likewise without merit. He argues the information was so indefinite that he could not form a defense, and thus, counsel should have moved to quash the information. The information sufficiently sets forth the facts of the alleged crime, as an ongoing operation, to apprise the appellant of the charged conduct. See United States v. Roman, 728 F.2d 846 (7th Cir. 1984); United States v. Campbell, 732 F.2d 1017 (1st Cir. 1984). The appellant's trial counsel was not negligent in failing to challenge the information.
 
 
 11
 As noted above, besides the coercion and ineffective assistance of counsel claims, the appellant contends his conviction is void because it was obtained in violation of his privilege against self-incrimination. He also alleges that his Sixth Amendment right to a speedy trial was violated by reason of the pre-indictment delay. The appellant's guilty plea has foreclosed argument on these issues as they are not based upon jurisdictional grounds. Kowalak v. United States, 645 F.2d 534 (6th Cir. 1981).
 
 
 12
 Accordingly, it is ORDERED that the motion to consolidate and the motion for counsel be denied. Further, it is ORDERED that the judgment of the district court is affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.