791 F.2d 934
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
TERRY OLIVER, Petitioner-Appellant,
v.
UNITED STATES OF AMERICA, Respondent-Appellee.
 85-3513
 United States Court of Appeals, Sixth Circuit.
 4/7/86
 
 AFFIRMED
 N.D.Ohio
 ORDER
 BEFORE: KEITH, NELSON and BOGGS, Circuit Judges.
 
 
 1
 This matter is before the Court upon consideration of petitioner's motion for appointment of counsel to assist him in his appeal from the district court's order denying his motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. Sec. 2255. This appeal has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the motion, the record, and petitioner's informal brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 On November 16, 1982, petitioner Terry Oliver entered a guilty plea to one count of a three-count indictment for armed robbery of a post office, in violation of 18 U.S.C. Sec. 2114. He was sentenced, on January 21, 1983, to a term of 25 years imprisonment. Upon motion of the United States Attorney, Counts I and II were dismissed by the court at the time of sentencing. Also as part of the plea agreement Oliver would be allowed to plead guilty to 'two or three armed robberies' out of numerous charges in state court. The state would then dismiss the balance of its indictment with no objection to the state sentences running concurrently with the federal sentence. On February 4, 1985, Oliver filed a motion to vacate sentence alleging: (1) that his guilty plea was unlawfully induced and involuntarily made without his understanding the nature of the charge and the consequences of the plea; (2) that he was denied the effective assistance of counsel; and (3) that the crimes with which he was charged were committed while he was mentally incompetent. The district court overruled his motion on April 30, 1985, and Oliver timely filed his notice of appeal.
 
 
 3
 At the time the acts alleged in the indictment were committed, Terry Oliver was an escapee from the Cleveland Psychiatric Institute in Cleveland, Ohio. During the course of the pretrial proceedings, defense counsel filed a notice of Oliver's intention to rely on the defense of insanity. On July 27, 1982, upon motion of the United States Attorney, the district court committed Oliver to the Federal Medical Facility at Springfield, Missouri, for psychiatric examination and evaluation, which was to include Oliver's competency to stand trial as well as his competency at the time charged in the indictment. The diagnosis from the Springfield staff indicated, 'schizophrenia, paranoid type, currently in remission on Loxitane and other drugs.' The Springfield staff also determined that Oliver was competent to stand trial and that he was competent at the time of the acts alleged. At the guilty plea hearing, defense counsel submitted a copy of another report from a Dr. Joel Steinberg who concurred with Springfield's diagnosis, but who questioned Oliver's competency at the time the alleged acts occurred. However, Dr. Steinberg was unwilling to testify, to a reasonable medical certainty, that Oliver was incompetent at the time of the alleged offenses. Defense counsel also informed the court, in Oliver's presence, that it was his understanding that Oliver was being treated at the county jail, and that he had received a dose of Loxitane that same morning. Counsel further stated that he was relying on Oliver's representation that he did take his medication that morning. When the court inquired of Oliver whether he had taken some drugs that morning, he responded that he had taken Loxitane, which he acknowledged was being prescribed for him while he was incarcerated in the Justice Center jail, because of his psychiatric condition. Based on the representations by defense counsel and Oliver, the medical report from Springfield, and the court's own observations, the court found Oliver competent to enter a guilty plea.
 
 
 4
 Oliver is now contending that upon his return to the Cuyahoga County Jail in Cleveland, Ohio, he was not given the prescribed drug, Loxitane, which would have facilitated remission of his impaired mental state. Rather, he contends, he was given 'other drugs' which did not facilitate remission and, as a result, he was confused and severely handicapped throughout his court proceedings. He also contends his counsel coerced him into not disclosing his state of confusion to the court. Because of all these things, Oliver claims his guilty plea was not voluntarily made. The transcript of the guilty plea refutes his argument. There is nothing in the record to suggest that Oliver's statements to the court regarding the medication he was taking were anything other than the truth. The representations of a defendant and his lawyer at a guilty plea hearing 'constitute a formidable barrier in any subsequent collateral proceedings'. Blackledge v. Allison, 431 U.S. 63, 74 (1977). Oliver cannot overcome this barrier simply by making the conclusory allegations that he was given 'other drugs', without specifying what those drugs were, or without presenting any other evidence to sustain those allegations. Therefore, Oliver's contention that he was under the influence of psychotropic drugs at the time of his guilty plea must fail.
 
 
 5
 Once Oliver's competency to enter the guilty plea was established, the remaining question was whether his plea was voluntarily, knowingly, and intelligently made. This determination must be made by 'a comprehensive examination of the totality of the circumstances.' Berry v. Mintzes, 726 F.2d 1142, 1146 (6th Cir. 1984) (quoting Rinehart v. Brewer, 561 F.2d 126, 130 (8th Cir. 1977)). Because of his previous mental condition, Oliver could not recall the events underlying the first two counts of the indictment; however, he did have some recollection of the events described in the third count to which he pled guilty. In acknowledging to the court that he was in fact guilty of that offense, Oliver explained that he 'went in the post office with a gun and stuck her [the postal clerk] up'; and that he took 'money and U.S. Postal money orders.' Prior to this admission of guilt, Oliver's attorney advised him of all his rights, including his right to, and waiver of, the possible defense of not guilty by reason of insanity. Counsel also recounted the plea agreement with the United States Attorney, as well as his understanding of the agreement with regard to the charges against Oliver in state court. Oliver then acknowledged to his attorney that he understood what was going on and that he felt capable of making a decision and entering a guilty plea. The trial court also advised Oliver of all his rights and of the mandatory 25-year sentence. The court conducted a thorough inquiry into Oliver's competence (Osborne v. Thompson, 610 F.2d 461 (6th Cir. 1979)), and also into the voluntariness of the plea, and Oliver's understanding prior to accepting the plea (Boykin v. Alabama, 395 U.S. 238 (1969)). Oliver was able to tell the court that he was 35 years old, that he attended Catholic schools in Illinois and he went as far as the 10th grade, and that he was on parole from the state of Illinois. Oliver also acknowledged that he understood that a guilty plea would violate his parole and that he could be punished as a parole violator. These incourt declarations by Oliver 'carry a strong presumption of verity' (Blackledge v. Allison, supra at 74) that he has been unable to rebut. Oliver's understanding of the charge was sufficient to enable him to make a voluntary, intelligent admission of guilt (Marshall v. Lonberger, 459 U.S. 422 (1983)); and the advice he received from counsel was sufficiently competent to render his plea intelligently made. See Jones v. Parke, 734 F.2d 1142, 1148 (6th Cir. 1984). Therefore, Oliver's claim that his guilty plea was not voluntarily, knowingly, and intelligently made is without merit.
 
 
 6
 Oliver also contends that he received ineffective assistance of counsel because his court-appointed attorney relied on his statements without adequately determining from jail authorities whether Oliver was being administered his prescribed medication. This argument also must fail. The record shows that Oliver had every opportunity to inform his counsel and the court that he was not receiving his medication, if that had been the case. However, Oliver represented to the court and to counsel that he was taking his prescribed medication. If that was a misrepresentation of fact he cannot be heard to complain now. The court specifically asked Oliver if he had ample opportunity to discuss his case with his counsel and whether he was satisfied with counsel's representation of him. To each of these questions, Oliver responded, 'yes'. The accuracy and truth of an accused's plea statements are 'conclusively established by that proceeding unless and until he makes some reasonable allegations why this should not be so.' United States v. Lambros, 614 F.2d 179 181 (8th Cir. 1980), quoting Richardson v. United States, 577 F.2d 447, 450 (8th Cir. 1978), cert. denied, 442 U.S. 910 (1979). Oliver has failed to make any 'reasonable allegations' to rebut his plea statements that he was taking his prescribed medication, that he had discussed his case with his attorney, and that he was satisfied with the representation provided by counsel. With respect to the ineffectiveness claim, Oliver has not shown that his counsel's performance did not come within that 'range of competence demanded of attorneys in criminal cases.' Tollett v. Henderson, 411 U.S. 258, 266 (1973); McMann v. Richardson, 397 U.S. 759 (1970).
 
 
 7
 Finally, Oliver contends that because he was an escapee from the Cleveland Psychiatric Institute at the time the offenses occurred, his rights were violated by having been questioned, taken before a magistrate for court proceedings, and jailed under federal custody, rather than being returned to the psychiatric institute. It is well-settled that a defendant who enters a guilty plea 'may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.' Tollett v. Henderson, 411 U.S. 258, 267 (1973).
 
 
 8
 Accordingly, it is ORDERED that the motion for counsel is denied, and the judgment of the district court is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.