9 F.3d 114
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Francis Wayne FEATHER, Appellant,
v.
UNITED STATES of AMERICA, Appellee.
 No. 92-3656.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 15, 1993.
Filed: October 21, 1993.
 
 Before FAGG, Circuit Judge, ROSS, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.
 PER CURIAM.
 
 
 1
 Appellant Francis Wayne Feather pled guilty to first degree murder in the death of Lloyd Wolfe. Feather now appeals from the denial of his petition to vacate his sentence under 28 U.S.C. Sec. 2255. In that petition Feather raises a number of issues regarding the legal sufficiency of his guilty plea. Feather contends his guilty plea should be withdrawn because he received ineffective assistance of counsel and because the district court erred in failing to inquire whether he understood the nature of the charges against him and the possible sentence that could be imposed. We affirm.
 
 
 2
 Feather first claims that his guilty plea was invalid because it was the product of misinformation by his attorney regarding his maximum potential sentence, which constituted ineffective assistance of counsel. Throughout his representation, Feather's counsel, David L. Bergren, advised Feather that if he pled guilty to first degree murder his sentence would be "any term of years up to life," when in fact the penalty for first degree murder was mandatory life imprisonment.
 
 
 3
 The district court held that, although counsel incorrectly stated the possible sentence, Feather was not prejudiced by this misstatement. Feather was adequately informed that if he pled guilty to first degree murder, life imprisonment was a potential punishment. Counsel advised Feather that because of the seriousness of the charge, his guilty plea would likely result in a life sentence. Further, at the plea hearing, the district court correctly informed Feather of the maximum penalty he was facing for first degree murder. Before he entered the plea, Feather clearly stated that he understood the mandatory penalty. Such "[s]olemn declarations in open court carry a strong presumption of verity." Porter v. Lockhart, 925 F.2d 1107, 1111 (8th Cir. 1991) (citation omitted).
 
 
 4
 Feather has failed to show that counsel's erroneous advice was a substantial part of his decision to plead guilty and as a result has failed to establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).
 
 
 5
 Feather next contends he was denied effective assistance of counsel when his attorney failed to investigate the facts surrounding the crime, particularly with regard to a possible self-defense theory. An attorney has a duty to "make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland v. Washington, 466 U.S. 668, 691 (1984). The reasonableness of a decision not to investigate is to be judged according to the circumstances of each case with great deference given to the attorney's decision. Id. at 690.
 
 
 6
 Although Feather consistently admitted to killing Wolfe, his account of the circumstances surrounding the killing continually changed. Bergren testified that Feather's numerous inconsistent versions of the events caused Bergren to suspect Feather's veracity and his ability to withstand any cross examination. The district court found the fact Wolfe was shot twice, once in the head and once in the neck, and the fact that Feather stole property from the victim's residence after the killing and was arrested in possession of Wolfe's truck, called into serious question Feather's claim of self-defense.
 
 
 7
 Feather has failed to show that further investigation by his counsel would have changed counsel's recommendation to plead guilty or that the uninvestigated defense would likely have succeeded at trial. See Hill v. Lockhart, supra, 474 U.S. at 59.
 
 
 8
 Feather also contends his guilty plea was not knowingly and voluntarily given, in that the district court failed to determine if Feather understood the maximum penalty he faced. As discussed previously, however, the district court informed Feather of the mandatory life sentence at the plea hearing and Feather stated that he understood the sentence prior to entering his plea.
 
 
 9
 Feather also argues he should be allowed to withdraw his plea because it was involuntary in that he did not understand the law in relation to the facts of the case. He asserts his intent was to plead self-defense, not to plead guilty to first degree murder. It is clear, however, that the district court fully advised Feather of the elements of first degree murder at the plea hearing. The court then went through a step-by-step inquiry into the factual basis for the plea. Feather admitted under oath to each element of the crime charged and further stated that he understood that the maximum penalty was life imprisonment and declared in open court that his plea was being entered voluntarily and without coercion or threats. In the absence of a valid reason to the contrary, "the accuracy and truth * * * [of those statements] are 'conclusively' established." United States v. Beck, 606 F.2d 814, 816 (8th Cir. 1979) (citations omitted). We are satisfied that the record as a whole shows that Feather's plea represented an intelligent and voluntary choice among his alternative courses of action. See Hill v. Lockhart, supra, 474 U.S. at 56.
 
 
 10
 For the foregoing reasons the judgment of the district court is affirmed.